# UNITED STATES DISTRICT COURT
# SOUTHERN OHIO DISTRICT
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                               **CASE NO.: 2:11-CR-010(1)**

                                             **JUDGE SMITH**

**SEAN MURPHY,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Continue the Trial currently scheduled for June 13, 2011 (Doc. 53)[1]; Defendant's Motion for Extension of Time to File Motions (Doc. 54); Defendant's Motion to Authorize Funds for a Defense Investigator (Doc. 55); and Defendant's Motion for Additional Law Library Time (Doc. 56). The Defendant has also filed several discovery related motions which the Court will address in a later order. The Court will address each of the aforementioned motions below.

**A.    Motion to Continue the Trial and Extension of Time to File Motions**

The Defendant seeks a continuance to investigate and research legal issues in this case, and otherwise prepare for trial. The Defendant specifically waives the speedy trial time for the period of the continuance and requests at least a 60 day continuance. The Government does not oppose the continuance.

---

[1] The co-defendants in this case, Morgan (2) and Doucette (3), have entered into plea agreements and are schedule for change of plea hearings. Therefore, this Order is only applicable to Defendant Murphy.

Upon consideration of the Motion to Continue, the Court finds that the Motion is meritorious and "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

In reaching this conclusion, the Court makes the following findings:

1. The Court is available to try the case on Monday, June 13, 2011.

2. On April 20, 2011, the Defendant moved for a continuance.

3. Defendant requests the continuance to research legal issues, investigate and prepare for trial.

4. Failure to grant the requested continuance could deny the Defendant "continuity of counsel." 18 U.S.C. § 3161(h)(8)(B)(iv).

5. Failure to grant said continuance pursuant to Title 18 U.S.C. § 3161(h)(8)(B) will likely result in a miscarriage of justice.

6. The considerations outlined above are appropriate reasons for granting the requested continuance. These reasons are meaningfully related to the Defendant's opportunity for an adequate defense.

7. The interest of the public in speedy trials would not be impaired by a continuance of this case until **Monday, October 17, 2011 at 9:30 a.m.**

8. The delay occasioned by the continuance is properly excluded from the time limits of the Speedy Trial Act.

Therefore, given the Court's findings, the Motion to Continue the Trial is hereby **GRANTED.** The Trial is hereby continued until **Monday, October 17, 2011 at 9:30 a.m.** The pretrial conference will be held in chambers on **Wednesday, October 5, 2011 at 1:30 p.m.** Voir Dire will be conducted on **Wednesday, October 12, 2011, beginning at 10 a.m.** Then, the trial with begin with opening statements and witness testimony on **Monday, October 17, 2011, at 9:30 a.m.**

Any and all motions pertaining to this case, including any motions in *limine,* any potential hearsay objections, or other evidentiary issues, shall be submitted to the Court no later than **September 9, 2011.**

The Court urges the parties to raise any potential evidentiary issues by motion to avoid lengthy sidebars. Responses to any motions shall be filed no later than **September 16, 2011.**

The Court requests counsel for both the Government and the Defendant submit proposed jury instructions on the substantive law in this case no later than **September 30, 2011.** The proposed jury instructions shall be submitted electronically to the Court to: *smith_chambers@ohsd.uscourts.gov*.

All witness lists, exhibit lists, and stipulations between the parties are to be filed no later than **October 5, 2011.**

### B.     Motion to Authorize Funds for a Defense Investigator

The Defendant moves this Court for an order authorizing funds of up to $5,000 for the services of Gary Phillips and Associates, an investigator to locate, collect documents and interview certain witnesses critical to the defense of this case. Defendant asserts that discovery in extensive and witnesses and documents needed for trial are located in several states, including Ohio. Pennsylvania, Massachusetts and Tennessee. Accordingly, Defendant's counsel requires the assistance of an investigator to assist with the collection of documents and interviews in the aforementioned states.

Defendant argues that the Government has the resources of the FBI and other law enforcement agencies across these states. Further, the Defendant is indigent and unable to afford any expenses for an investigator. Defendant, therefore, argues that denial of this motion will give the Government an unfair advantage.

The Government has responded that now that the case has been investigated and indicted, all of the discovery materials have been made available to Defendant Murphy, through his counsel. The Government further stated that as any additional discovery materials come into the possession of the United States, they will be made available in an expeditious fashion. The Government states that it does not object "generally" to Defendant's request for an investigator, but argues that the Defendant's

pleading does not set forth with sufficient detail the need for such investigator. (Government's Response at 7, Doc. 60).

In light of the Government's response that all discovery materials are available for Defendant's review here in Ohio, through his counsel, the Court agrees that Defendant's request for funds for an investigator has not been set forth with sufficient detail. Defendant may file a renewed motion for funds for a defense investigator providing a more detailed explanation of the need for such investigator. Accordingly, at this time, Defendant's Motion to Authorize Funds is **DENIED**.

**C.     Motion for Additional Law Library Time**

Defendant moves this Court for an order for the Delaware County Jail to provide him with a minimum of 14 hours per week of law library time, including access to the word processor and/or typewriter in the law library, a copy of the Federal Sentencing Guidelines and Federal Code and Rules, and access to a copier to make copies of research material, motions or other legal documents. Defendant further asserts that since he is indigent, he requests that the aforementioned be provided without charge to him. In addition, Defendant requests to retain a full copy of the discovery in this case in his cell.

Defendant explains that the aforementioned is necessary because he is defending himself pro se in a criminal case in Massachusetts, as well as personally prosecuting two civil cases in Massachusetts without the assistance of an attorney. Defendant describes that he has only been given access to the law library twice in over a month period and those visits were short and not sufficient to complete any meaningful research.

The Government responds that the Defendant has qualified for appointment of counsel in the case to research issues and prepare any necessary motions or other documents on his behalf. Further, the Government consulted with officials at the Delaware County Jail, as well as the United States Marshal's and they explained that their prisoners general access to materials are consistent with Ohio's minimum

-4-

standards for detention facilities. The Government further argues that a defendant has no absolute right to access to legal publications when he is represented by counsel. The Government relies on *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990), which held that a prisoner represented by counsel "has no constitutional right of access to legal materials."

The Court agrees with the Government that there is no Constitutional right to have access to a law library, only a Constitutional right of access to the courts. The Court has provided Defendant Murphy adequate access to the courts through court appointed counsel Mr. George Luther and accordingly has fulfilled its obligation to the Defendant. The Sixth Circuit has held that "due process is satisfied. . . if a defendant. . .has the assistance of an attorney during the course of his criminal trial." *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990). Therefore, Defendant's Motion for Additional Law Library Time is **DENIED**.

Defendant's request to keep copies of documents pertaining to this case in his cell must be approved by the officials at the Delaware County Jail as it may be a safety issue.

In conclusion, Defendant's Motion for a Continuance is **GRANTED**; Defendant's Motion to Extend Time to File Motions is **GRANTED**; Defendant's Motion to Authorize Funds for a Defense Investigator is **DENIED** without prejudice; and Defendant's Motion for Additional Access to the Law Library is **DENIED**.

The Clerk of this Court shall remove Documents 53, 54, 55 and 56 from the Court's pending motions list.

       **IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**