IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| -vs- | : | CASE NO. 2:11-CR-010(1) |
| SEAN D. MURPHY, | : | JUDGE SMITH |
| Defendant. | : | |

MOTION TO DISMISS COUNTS
TWO AND THREE OF THE INDICTMENT

Now comes Sean D. Murphy, by and through his attorney, David J. Graeff, and pursuant to Crim.R. 12(b)(3), moves to dismiss Counts Two and Three of the Indictment because they do not state an offense under the United States Code.

In both Counts Two and Three, the allegation is that Sean D. Murphy caused an individual to travel in interstate commerce to carry on "an unlawful activity, that being the theft of merchandise and money for the purpose of taking the stolen merchandise and money in interstate commerce from the Southern District of Ohio to locations outside of the State of Ohio * * *.", in violation of 18 U.S.C. §§1952 and 2. Count Two alleges Sean D. Murphy and another individual, while Count Three alleges Sean D. Murphy, Joseph M. Morgan, and Robert Doucette (Doc. #4; Indictment, pp. 4-6).

Under 18 U.S.C. §1952(b), unlawful activity means:

> "(1) any business enterprise involving gambling, liquor on
> which the Federal excise tax has not been paid, narcotics or

> controlled substances (as defined in section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States, or (3) any act which is indictable under subchapter II of chapter 53 of title 31, United States Code, or under section 1956 or 1957 of this title and (11) the term 'State' includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States."

It is apparent, on the face of the Indictment, that the alleged unlawful activity, i.e., the theft of merchandise and money for the purpose of taking the stolen merchandise and money in interstate commerce is clearly not a specified offense conduct under the specific provisions of §1952.

An Indictment that does not state an offense is obviously defective and needs to be dismissed at the pre-trial stage.

The Supreme Court has stated that an Indictment that tracks the statutory language of the statute is sufficient. <u>Hamling v. United States</u>, 418 U.S. 87 (1974), at p. 117. Here, although the Indictment attempts to track the statutory language, it is defective <u>per se</u> because of the improper unlawful activity. In <u>United States v. Levin</u>, 973 F.2d 463 (6th Cir. 1992), the Indictment there was rendered ambiguous and, as a result, it was dismissed, and upheld by the Court of Appeals.

In the present case, as noted, Counts Two and Three of this Indictment are defective <u>per se</u>, and it is respectfully requested that Counts Two and Three be dismissed.

Respectfully submitted,

  s/David J. Graeff
David J. Graeff   #0020647
P.O. Box 1948
Westerville, Ohio  43086
Phone:  (614) 226-5991
Trial Counsel for Defendant
Sean Murphy

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to Salvador A. Dominguez, Assistant United States Attorney. 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215, this ___14th___ day of ___July___, 2011.

  s/David J. Graeff
David J. Graeff   #0020647
Trial Counsel for Defendant
Sean Murphy