## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

UNITED STATES OF AMERICA,

        vs.                     :    CASE NO. 2:11-CR-10(1)
                                      JUDGE SMITH

SEAN D. MURPHY

## PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

Now comes the United States, by its counsel Assistant United States Attorney Salvador A. Dominguez, and we hereby submit the following proposed jury instructions for the above-captioned case.

                              Respectfully submitted,

                              CARTER M. STEWART
                              United States Attorney

                              s/Salvador A. Dominguez
                              SALVADOR A. DOMINGUEZ (0056232)
                              Assistant United States Attorney
                              303 Marconi Boulevard, Suite 200
                              Columbus, Ohio  43215
                              (614) 469-5715
                              Fax:  (614) 469-5653
                              Sal.Dominguez @usdoj.gov

## GOVERNMENT'S REQUESTED JURY INSTRUCTION #1
## (Conspiracy)

Count 1 of the indictment accuses the defendant of participating in a conspiracy to transport merchandise and money. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve the goal.

1

A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

1.   First, that two or more persons conspired, or agreed, to transport merchandise and money;

2.   Second, that the defendant knowingly and voluntarily joined the conspiracy; and

3.   Third, that one or more coconspirators committed at least one overt act in furtherance of the conspiracy;

4.   Fourth, that the offense charged occurred in whole or in part in the Southern District of Ohio on or about the dates alleged in the indictment.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

**Pattern Criminal Jury Instructions for the Sixth Circuit** §3.01A **(2009 Edition)**

**GOVERNMENT'S REQUESTED JURY INSTRUCTION #2**
**(Conspiracy -- Agreement)**

The evidence in the case need not show that the members of the conspiracy entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details

thereof, or the means by which the object or purpose was to be accomplished. What the evidence must show beyond a reasonable doubt, in order to establish proof that a conspiracy existed, is that the members of the conspiracy in some way or manner, or through some contrivance, came to a mutual understanding to try to accomplish a common and unlawful plan. The evidence need not establish that all of the persons charged to have been members of the conspiracy were in fact members of the conspiracy. What the evidence must establish beyond a reasonable doubt is that the alleged conspiracy was knowingly and intentionally formed and that two or more persons were members of the conspiracy.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**Taken in part from <u>Pattern Criminal Jury Instructions for the Sixth Circuit</u> §3.02 (1991, 2005, 2009 Editions)**

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION #3</u>
(Conspiracy -- Membership)

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. To convict the defendant, the government must prove that he knew the

conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

In determining whether a conspiracy existed, the jury should consider the acts and declarations of all of the alleged participants. However, in determining whether this defendant was a member of the conspiracy, the jury should consider only this particular defendant's acts and statements. A defendant cannot be bound by the acts or declarations of other participants in a conspiracy until it is established that a conspiracy existed, and that the particular defendant in question was one of its members.

Mere presence, association, knowledge, approval or acquiescence is not sufficient to convict a defendant of conspiracy. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a coconspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

To be a member of a conspiracy, a defendant need not know all of the other members, nor all of the details of the conspiracy, nor the means by which the objects of the conspiracy were to be accomplished. The government need not prove that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in

the conspiracy, or that his connection to it was substantial.  A
slight connection may be enough.  Each member of the conspiracy
may perform separate and distinct acts.  It is necessary, how-
ever, that the government prove beyond a reasonable doubt that
the defendant under consideration was aware of the common purpose
of the conspiracy and was a willing participant with the intent
to advance the purpose of the conspiracy.

A defendant's knowledge can be proved indirectly by facts
and circumstances which lead to a conclusion that he knew the
conspiracy's main purpose.  It is up to the government to
convince you that such facts and circumstances existed in this
particular case.

Whenever it appears beyond a reasonable doubt from the
evidence in the case that the charged conspiracy existed, and
that the defendant was one of the members, then any statements
thereafter knowingly made and any acts thereafter knowingly done,
by any person likewise found to be member, may be considered by
the jury as evidence in the case as to that particular defendant.
This is true even though the statements and acts may have
occurred in the absence of and without the knowledge of the
defendant, provided such statements and acts were knowingly made
and done during the existence of such conspiracy, and in fur-
therance of some object or purpose of the conspiracy.  Therefore,
statements of any conspirator which are not in furtherance of the

conspiracy or are made before its existence or after its termination, may be considered as evidence only against the person making them.

**Taken in part from <u>Pattern Criminal Jury Instructions for the Sixth Circuit</u> §3.03 (1991, 2005, 2009 Editions).**

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION #4</u>
(Overt Acts)

(1) The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(2) The indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(3) But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

**<u>Pattern Criminal Jury Instructions for the Sixth Circuit</u> §3.04 (2009).**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION #5
### (Coconspirators not on trial)

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving persons whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

**Pattern Jury Instructions for the Sixth Circuit** §3.06 (1991, **2005, 2009 Editions)**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION #6
### (Definition of the Crime - Counts 2 and 3)

Count 2 of the indictment accuses the defendant of causing an individual to travel in interstate commerce with the intent to further promote an unlawful activity. Count 3 accuses the defendant of traveling from the State of Massachusetts to the Southern District of Ohio with the intent to further promote an

unlawfully activity, both counts in violation of federal law.
For you to find the defendant guilty of Count 2 of the
Indictment, you must be convinced that the government has proved
each and every one of the following elements beyond a reasonable
doubt:

> First, that the defendant caused another to travel in
> interstate commerce;

> Second, that the defendant did so with the intent to carry
> on and facilitate the carrying on of an unlawful activity,
> that is, theft of merchandise and money;

> Third, that such act occurred on or about the date alleged
> in the Indictment, in the Southern District of Ohio and
> elsewhere.

For you to find the defendant guilty of Count 3 of the
Indictment, you must be convinced that the government has proved
each and every one of the following elements beyond a reasonable
doubt:

> First, that the defendant willfully traveled in interstate
> commerce;

> Second, that the defendant did so with the intent to carry
> on and facilitate the carrying on of an unlawful activity,
> that is, theft of merchandise and money;

> Third, that such act occurred on or about the date alleged
> in the Indictment, in the Southern District of Ohio and
> elsewhere.

> If you are convinced that the government has proved all of

these elements, say so by returning a guilty verdict on this
charge. If you have a reasonable doubt about any one of these

elements, then you must find the defendant not guilty of this
charge.


**Taken in part from <u>Pattern Jury Instructions for the Sixth
Circuit</u> §2.02 (2009 Edition)**


<u>**GOVERNMENT'S REQUESTED JURY INSTRUCTION #7**</u>
**(Definition of the Crime)**


Count 4 indictment accuse the defendant of interstate
transportation of stolen property in violation of federal law.
For you to find the defendant guilty of this crime, you must be
convinced that the government has proved each and every one of
the following elements beyond a reasonable doubt:

> First, that the merchandise and money identified in the
> Indictment had been stolen;
>
> Second, that the merchandise and money had a value of
> $5000 or more;
>
> Third, that at the time of such transportation, the
> defendant knew that the property had been stolen;
>
> Fourth, that  the defendant transported the merchandise
> and money in interstate commerce from Columbus,
> Ohio to locations outside of the State of Ohio;

If you are convinced that the government has proved all of
these elements, say so by returning a guilty verdict on this
charge. If you have a reasonable doubt about any one of these

elements, then you must find the defendant not guilty of this charge.

**Taken in part from <u>Pattern Jury Instructions for the Sixth Circuit</u> §2.02 (2009 Edition)**

<u>GOVERNMENT REQUESTED JURY INSTRUCTION #8</u>
**(Aiding and Abetting)**

As applied to Counts 2, 3, and 4, Section 2 of Title 18, United States Code, provides that:

Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

The guilt of a defendant in a criminal case may be established without proof that he personally committed the offense charged or that he did every act constituting the offense charged. If a defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the acts and conduct of such other person just as though the defendant had committed the acts or engaged in such conduct herself.

To "aid and abet" means to assist the perpetrator of the crime while sharing in the requisite criminal intent. In other words, a defendant must perform some affirmative act which contributes to the execution of a crime, and must also possess the intent to aid another person in the commission of the crime.

Of course, mere knowledge that a crime is being committed is not sufficient to establish that a defendant aided and abetted the crime. Nor is mere acquiescence by a defendant in the criminal conduct of others sufficient to establish aiding and abetting.

In order to aid and abet another in the commission of a crime it is necessary that the defendant willfully associate in some way with the criminal venture and willfully participate in it as he would in something he wishes to bring about; that is to say, that the defendant willfully seeks by some act or omission of his to make the criminal venture succeed.

An act is "willfully" done if it is done voluntarily and intentionally and with the specific intent to do something the law forbids.

Before a defendant may be found guilty of aiding and abetting another person in the commission of a crime, it is necessary that the crime actually be committed. You may not find that the defendant aided or abetted the offense contained in the indictment unless you find beyond reasonable doubt that another

person or persons in fact committed the offense with which the

defendant is charged, and that the defendant willfully

participated in its commission.

**Adapted in part from <u>Pattern Jury Instructions for the Sixth
Circuit</u> §4.01 (2009)**

### GOVERNMENT'S PROPOSED JURY INSTRUCTION #9
### (On or about)

The indictment charges that the crimes happened "on or

about" a certain date or dates.  The government does not have to

prove that the crimes happened on the exact date.  But the

government must prove that the crimes happened reasonably close

to the date and/or dates alleged.

**<u>Pattern Criminal Jury Instructions for the Sixth Circuit</u> §2.04
(1991, 2005, 2009 Editions.**

### GOVERNMENT'S REQUESTED JURY INSTRUCTION #10
### (Direct and Circumstantial Evidence)

Now, some of you may have heard the terms "direct evidence"

and "circumstantial evidence."  Direct evidence is simply

evidence like the testimony of an eyewitness which, if you

believe it, directly proves a fact.  If a witness testified that

he saw it raining outside, and you believe him, that would be

direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Pattern Criminal Jury Instructions for the Sixth Circuit §1.06 (1991, 2005, 2009 Editions).**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION # 11
### (Credibility of Witnesses)

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in
evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or
hear the events. Sometimes even an honest witness may not
have been able to see or hear what was happening, and may
make a mistake.

(B) Ask yourself how good the witness's memory seemed to be.
Did the witness seem able to accurately remember what
happened?

(C) Ask yourself if there was anything else that may have
interfered with the witness's ability to perceive or
remember the events.

(D) Ask yourself how the witness acted while testifying. Did
the witness appear honest? Or did the witness appear to be
lying?

(E) Ask yourself if the witness had any relationship to the
government or the defendant, or anything to gain or lose
from the case, that might influence the witness's testimony.
Ask yourself if the witness had any bias, or prejudice, or
reason for testifying that might cause the witness to lie or
to slant the testimony in favor of one side or the other.

[(F) Ask yourself if the witness testified inconsistently
while on the witness stand, or if the witness said or did
something (or failed to say or do something) at any other
time that is inconsistent with what the witness said while
testifying. If you believe that the witness was
inconsistent, ask yourself if this makes the witness's
testimony less believable. Sometimes it may; other times it
may not. Consider whether the inconsistency was about
something important, or about some unimportant detail. Ask
yourself if it seemed like an innocent mistake, or if it
seemed deliberate.]

(G) And ask yourself how believable the witness's testimony
was in light of all the other evidence. Was the witness's
testimony supported or contradicted by other evidence that
you found believable? If you believe that a witness's
testimony was contradicted by other evidence, remember that
people sometimes forget things, and that even two honest
people who witness the same event may not describe it
exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**Pattern Criminal Jury Instructions for the Sixth Circuit §1.07 (2009)**

### GOVERNMENT REQUESTED JURY INSTRUCTION #12
### (Credibility of Witnesses — Law Enforcement Officer)

You have heard the testimony of law enforcement officials. The fact that a witness is employed as a law enforcement official does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

**Pattern Criminal Jury Instructions for the Third Circuit §4.18 Third Circuit (2009).**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION #13
### (Impeachment of a Witness by Prior Conviction)

(1) You have heard the testimony of _____. You have also heard that before this trial he was convicted of a crime.

(2) This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

**Pattern Criminal Jury Instructions for the Sixth Circuit §7.05B (2009)**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION #14
### (Testimony Pursuant to a Plea Bargain)

The United States Attorney may agree with a witness that, in return for truthful testimony, the United States Attorney will recommend a more lenient sentence or allow the witness to plead guilty to a lesser charge. This is a form of "plea bargaining". Plea bargaining is not improper. It is an essential component of the administration of justice.

For those plea agreements that include a provision for a recommendation for a more lenient sentence, the key word is "recommend" because that is all the United States Attorney may do. A Judge is not bound in sentencing by the plea agreement.

It is permissible for the government to make such a promise. But you should consider such testimony with more caution than the testimony of other witnesses. Consider whether the witness' testimony may have been influenced by the government's promise. Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

You may only consider the subject of plea bargaining as it bears upon the credibility of a witness. You may not consider whether or not that witness has been or will be adequately punished.

**Adapted in part from <u>Pattern Criminal Jury Instructions for the Sixth Circuit</u> §7.07 (1991, 2005, 2009 Editions).**

<u>**GOVERNMENT'S REQUESTED JURY INSTRUCTION #15**</u>
**(Defendant's Election Not to Testify or Present Evidence)**

(1) A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present

any evidence] cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

**Pattern Criminal Jury Instructions for the Sixth Circuit §7.02A (2009)**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION #16
### (Stipulation of Fact)

The Government and the defendant(s) have agreed that:

_____

You should treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

**Pattern Criminal Jury Instructions for the Third Circuit §4.02 (2009)**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION #17
### (Venue)

The Court has taken judicial notice that Columbus, Ohio and Franklin County, Ohio are within the Southern District of Ohio. You may accept the Court's declaration of judicial notice as

18

evidence and regard as proved the fact that has been judicially noticed, but you are not required to do so since you are the sole judges of the facts.

There is no requirement that the entire offense charged in a particular count took place in the Southern District of Ohio. But for you to return a guilty verdict on each count, the government must convince you that the particular offense took place at least in part in the Southern District of Ohio.

**Taken in part from <u>Pattern Criminal Jury Instructions</u> for the Sixth Circuit §3.07 and §7.19 (1991, 2005, 2009 Editions).**

<u>**GOVERNMENT'S REQUESTED JURY INSTRUCTION #18**</u>
**(Punishment)**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be. Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

**<u>Pattern Criminal Jury Instructions</u>, Sixth Circuit, §8.05 (1991, 2005, 2009 Editions).**

**GOVERNMENT'S REQUESTED JURY INSTRUCTION #19**
**(Verdict Limited to charges against defendant)**


Remember that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged. Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved the defendant guilty. Do not let the possible guilt of others influence your decision in any way.

**Pattern Criminal Jury Instructions for the Sixth Circuit** §8.08
**(1991, 2005, 2009 Editions).**


                              Respectfully submitted,

                              CARTER M. STEWART
                              United States Attorney


                              s/Salvador A. Dominguez
                              SALVADOR A. DOMINGUEZ (0056232)
                              Assistant United States Attorney
                              303 Marconi Boulevard, Suite 200
                              Columbus, Ohio  43215
                              (614) 469-5715
                              Fax:  (614) 469-5653
                              Sal.Dominguez @usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Government's Proposed Jury Instructions was served on this 30th day of September, 2011, electronically on David J. Graeff, Esquire, P.O. Box 1948, Westerville, Ohio 43086, attorney for defendant Sean Murphy.

s/Salvador A. Dominguez
SALVADOR A. DOMINGUEZ (0056232)
Assistant United States Attorney
