IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| -vs- | : | CASE NO. 2:11-CR-010(1) |
| SEAN D. MURPHY, | : | JUDGE SMITH |
| Defendant. | : | |

MOTION TO RECONSIDER DENIAL OF
MOTION TO DISMISS COUNTS
TWO AND THREE OF THE INDICTMENT

In an Opinion and Order dated on September 7, 2011, this Court denied Sean D. Murphy's Motion to Dismiss Counts Two and Three of the Indictment.

The principal reason this Court denied the Motion is that "the transportation of stolen property in interstate commerce is a recognized unlawful activity under the money laundering statutes and is thus cognizable as unlawful activity under 18 U.S.C. § 1952." (Doc. #94, Opinion and Order at pp. 2-3).

On September 14, 2011, at an initial pretrial conference in this matter, the Court allowed the parties to file supplemental arguments on this issue after hearing oral arguments from Mr. Murphy and the Government.

The Government argues that Title 18 U.S.C. § 1952(b) states that "[a]s used in this section 'unlawful activity" means . . . (3) any act which is indictable under subchapter II of chapter 53 of title 31, United States Code, or under section 1956 or 1957 of this title

-1-

[.]  Title 18 U.S.C. § 1956(c)(7) defines the term 'specified unlawful activity' to include '(A) any act or activity constituting an offense listed in section 1961(a) of this title except an act which is indictable under subchapter II of chapter 53 of title 31 [.]  Title 18 U.S.C. § 1961(1)(B) provides that 'racketeering activity' includes 'any act which is indictable under sections 2314 and 2315 (relating to interstate transportation of stolen property)." (Doc. #92, Government's Response to Defendant's Motion to Dismiss Counts Two and Three of the Indictment, at p. 5).

Mr. Murphy asserts that the Government's theory as it pertains to Counts Two and Three of the Indictment is flawed and should not be adopted by this Court.  Mr. Murphy hereby presents the following arguments that support his position that Counts Two and Three of the Indictment should be dismissed.

I.    <u>No Money Laundering Violation</u>

18 U.S.C. § 1952 defines "unlawful activity" as . . . any act indictable . . . under 18 U.S.C. §§ 1956 or 1957.  The Government has chosen § 1956 as the section that applies to Counts Two and Three of the Indictment.  Therefore, there must be a violation of § 1956 (Money Laundering) in order for there to be "an act indictable under § 1956."

A person violates 18 U.S.C. § 1956 if: (a)(1) Whoever, knowing that the property is involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity; or (2) Whoever transports, transmits, or transfers, or attempts to transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United

States from or through a place outside the United States; or (3) Whoever, with the intent . . . conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity.

Here, the Government has failed to allege a violation of any section of 18 U.S.C. § 1956.  Instead, the Government completely bypassed the requirement to allege a violation of § 1956.  The Government attempted to utilize a listed "specified unlawful activity" as defined in 18 U.S.C. § 1961 as the "unlawful activity" in 18 U.S.C. § 1952.  The Government has not established that the "specified unlawful activity" of 18 U.S.C. § 2314 (Interstate Transportation of Stolen Goods) was committed **in conjunction with** a money laundering violation, thus making it indictable under § 1956.  Only when a "specified unlawful activity" listing in 18 U.S.C. § 1961 is committed in conjunction with a money laundering violation does it become "an act indictable" under § 1956.  In this instance, the Government has erred procedurally.

II.     <u>Congressional Intent</u>

If the United States Congress intended for 18 U.S.C. § 1961, et. seq., to be a section that should be referred to for defining "unlawful activity" in 18 U.S.C. § 1952, then Congress would have specifically included 18 U.S.C. § 1961 in the statutory language of § 1952 under "unlawful activity" as they did with 21 U.S.C. § 802(6), 31 U.S.C. § 53 and 18 U.S.C. §§ 1956 and 1957.  However, Congress did not do so.  Therefore, because Congress did not explicitly include 18 U.S.C. § 1961 into the body of 18 U.S.C. § 1952, the Government cannot arrive at the language contained in § 1961 via

"hopscotch" through § 1956. At minimum this suggest that § 1952 and § 1956 are ambiguous as they relate to the listed "unlawful activity" and/or "an act indictable." See U.S. v. Levin, 973 F.2d 463 (6th Cir. 1992).

More importantly, if the Court were to adopt the Government's theory relating to 18 U.S.C. § 1952, then every indictment filed under 18 U.S.C. § 2314 (ITS) would have an automatic § 1952 indictment available to it via §§ 1956 and 1961.[1] This is why a "specified unlawful activity" listed in § 1961 has to be committed in conjunction with a money laundering violation to be indictable under § 1956.

### III. Unlisted Unlawful Activity

In Counts Two and Three of the Indictment, the Government named the "unlawful activity" as being "theft of merchandise and money." Unfortunately, the "theft of merchandise and money" is not an authorized "unlawful activity" under 18 U.S.C. § 1952, 18 U.S.C. § 1956 or 18 U.S.C. § 1961. This substantive error makes Counts Two and Three of the Indictment fatally defective requiring dismissal of those two counts. An indictment must track the statutory language of the statute. Hamling v. United States, 418 U.S. 87, 117 (1974).

### IV. Duplicity

It is now the Government's position that the "unlawful activity" in Counts Two and Three of the Indictment is 18 U.S.C. § 2314 (Interstate Transportation of Stolen Goods).[2] More to the point, this new naming of the "unlawful activity" makes the § 1952

---

[1] It is important to note that in the 50 years that § 1952 has existed, no other District has attempted to do what the Government is trying to do to Mr. Murphy with respect to the § 1952 indictments.

[2] Renaming the "unlawful activity" to be ITS under § 2314 in their Response (Doc. #92) does not save the fatal errors in the indictment itself.

counts defined as "Interstate Transportation in aid of Interstate Transportation of Stolen Goods." This statutory configuration defies logic and makes no sense whatsoever. Since the predicate offense of 18 U.S.C. § 1952 is Interstate or Foreign Transportation, the underlying "unlawful activity" in aid of racketeering must be an offense other than Interstate Transportation. This inane arrangement is clearly duplicitous and ambiguous. United States v. Duncan, 850 F.2d 1104 (6th Cir. 1988), at 1108; United States v. Davis, 177 F.3d 552 (6th Cir. 1999); United States v. Stephens, 118 F.3d 479 (6th Cir. 1999), at 481; United States v. Savoires, 430 F.3d 376 (6th Cir. 2005), conviction reversed, because of non-existent offense.

      In conclusion, the Government should recognize the flaws in their § 1952 theory and dismiss Counts Two and Three of the Indictment on their own initiative without engaging the Court to rule upon an erroneous matter that lacks merit. It is the duty of the Government to seek the truth, not to subject a Defendant to unnecessary additional punishment. For these reasons, Mr. Murphy respectfully requests this Honorable Court to reconsider all of the above-stated arguments individually, and cumulatively, when deciding whether or not to dismiss Counts Two and Three of the Indictment. Mr. Murphy acknowledges that generally, Motions to Dismiss are looked upon with disfavor. However, justice dictates that relief be granted. Otherwise, Mr. Murphy's right to obtain justice freely and without the threat of unnecessary additional punishments will have been rendered nugatory.

                Respectfully submitted,

                _s/David J. Graeff_____
                David J. Graeff   #0020647
                P.O. Box 1948
                Westerville, Ohio  43086
                Phone:  (614) 226-5991
                Trial Counsel for Defendant
                Sean Murphy

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to Salvador A. Dominguez, Assistant United States Attorney. 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215, this ___3rd___ day of ___October___, 2011.

                _s/David J. Graeff_____
                David J. Graeff   #0020647
                Trial Counsel for Defendant
                Sean Murphy