# UNITED STATES DISTRICT COURT
## SOUTHERN OHIO DISTRICT
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                **CASE NO.: 2:11-CR-010(1)**

                                     **JUDGE SMITH**

**SEAN MURPHY,**

        **Defendant.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Defendant's Motion in Limine (Doc. 93). The Government has responded, Defendant has filed a Reply and this Motion is now ripe for review. Defendant's Motion consists of a list of nine references or items he seeks to exclude at trial. The Court will discuss each in turn.

**1.**      **Exclude any reference to Sean Murphy being placed under arrest on January 23, 2009.**

The Government responds that it intends to note the date of the Defendant's arrest on January 23, 2009, because Defendant's arrest caused his co-conspirators to react in a material manner. The Government further states that it will not object to a limiting instruction relative to the arrest of Defendant Murphy. The Defendant does not offer any further argument on this issue.

The Court therefore finds that the Government is permitted to note the date of Defendant Murphy's arrest for the sole purpose of showing how his co-conspirators reacted in furtherance of the conspiracy. However, the Court will give a limiting instruction regarding the purpose for which this testimony was received.

**2.** **Exclude any reference to Sean Murphy being in jail since January 23, 2009.**

The Government agrees that it does not intend to mention how long the Defendant has been in jail.  Therefore, Defendant's Motion is **GRANTED**.  There shall not be any reference to Defendant's incarceration, other than the date of his arrest discussed above.

The letters referenced by the Government will be addressed in detail below, but they should be redacted to reflect this ruling.

**3. / 4.** **Exclude any letters Sean Murphy wrote to any law enforcement official dealing with proffer issues and Exclude any letters not relating to the instant offense that contain prejudicial information.**

The Government represents that it met with Defendant's counsel to discuss the letters the Government will seek to admit into evidence.  There are a number of letters that the Government agrees it will not seek to introduce.  There are seven letters currently in dispute that the Defendant agrees may be probative to establish the alleged conspiracy consistent with *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996), however, the Defendant argues that each of these letters is unfairly prejudicial.

The Government does not specifically state the purpose for which it intends to introduce these letters into evidence, however, the Defendant does not dispute that they are probative to the alleged conspiracy.  This Court must therefore apply the standard Rule 403 balancing test to determine whether the probative value of each letter is substantially outweighed by the danger of unfair prejudice. *Huddleston v. United States*, 485 U.S. 681, 688 (1988); *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996).  The Sixth Circuit interprets "unfair prejudice" to mean "the undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence." *Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 360 (6th Cir. 1997).  The following is a summary of each of the letters the Government plans to introduce:

(A)    In a letter from "Ruben Sanchez" to "Dawn Doucette", postmarked May 11, 2009, defendant Murphy who further identifies himself as "Nig," uses code words which a witness will be able to identify and explain to the jury.

(B)    In a letter from "Jason Departo" to "Dawn Doucette", postmarked July 31, 2009, defendant Murphy who further identifies himself as "Nigga," discusses the use of the warehouse and the activities of both Rob Doucette and "Joe."

(C)    In a letter from Sean Murphy to Rob Doucette, dated November 2, 2009, defendant Murphy discusses his "money chasing" skills.  He further discusses co-conspirator "Joe" and how he worked very hard for his "$$$." He further discusses the "Great Wall" and how it was a "little light of some coin."

(D)    In a letter from "Barry Troy" to Rob Doucette, postmarked December 3, 2009, defendant Murphy who further identifies himself as "Nig," discusses Rob Doucette's access to his (Murphy's) property.

(E)    In a letter from Sean Murphy to F.B.I. Special Agent (SA) Jason Costello, postmarked October 27, 2009, and dated September 21, 2009, defendant Murphy identifies himself as a "Master Thief" who "is hanging up his hat." He further advises that there is no honor among thieves.

(F)    In a letter from "Murphy" to Brian Stevens, postmarked September 14, 2009, and dated August 19, 2009, defendant Murphy identifies himself as a "professional criminal" and advises that he has been involved in legal maneuvering and manipulation "my whole life."

(G)    In a letter from Sean Murphy to Detective Timothy Ferrari, postmarked April 18, 2009, and dated April 17, 2009, defendant Murphy describes himself as being a "non-violent offender" for 25 years. Murphy also discusses his ownership interest in a cellular telephone jammer which is a unique device.

During the pretrial, the parties again agreed to meet to discuss a possible resolution with respect to these letters. The Court does find that some of the letters are admissible; however, there are some parts that may need to be redacted. Further, the Court is concerned with the potential proffers by the Defendant and any mention of the Defendant's incarceration. Nonetheless, the Court will give the parties the opportunity to agree to the admissibility of the letters with the agreed upon redactions. The parties shall notify this Court with any outstanding issues that need to be resolved.

5.     **Exclude any information obtained or evidence seized from the execution of the 1-23-2009 Search Warrant. (Carnival Folio, Brian Hetherman ID, William Palavacini ID, PA Storage Bin Key).**

The Government responds that it "intends to present a minimal amount of evidence seized during the January 23, 2009 execution of a lawfully issued search warrant at defendant Murphy's residence." (Gov't Response at 4, Doc. 100).

The Defendant has failed to offer any further explanation or argument as to why the information described above should be excluded. Therefore, Defendant's motion is denied as premature. The Defendant is encouraged to file a supplemental motion regarding specific evidence he seeks to exclude and to provide legal support for the exclusion.

6.     **Exclude any information not provided in discovery.**

The Government responds that it "has provided the defendant with items of evidence it intends to introduce at trial. Supplemental discovery has been, and will continue to be provided upon its receipt by undersigned counsel." (Gov't Response at 4, Doc. 100).

The Court has previously ordered that the Government and the Defendant exchange any and all evidence discoverable under Rule 16(a) of the Federal Rules of Criminal Procedure. (*See* Doc. 90). The Court will again encourage counsel for the Government and the Defendant to comply with the Federal Rules of Criminal Procedure in providing all discoverable information to opposing counsel. The Court

-4-

will not issue a blanket ruling excluding all information not provided in discovery as requested by the Defendant because circumstances do arise in the course of a trial where newly discovered evidence may be introduced.  However, the Court warns that such late production of evidence will not be viewed favorably.

Accordingly, Defendant's Motion is **DENIED**.

**7.      Make no reference to Sean Murphy's criminal records, prior bad acts and/or offenses.**

The Government asserts that it does not intend to mention Defendant's criminal record, however, "Defendant should be put on notice that we are aware of that record in addition to prior acts that we may attempt to utilize in our case in rebuttal depending on the nature of the evidence the defendant intends to submit during its case."  (Gov't Response at 4, Doc. 100).

The Court acknowledges that such evidence may be relevant on rebuttal pursuant to Rule 404(b) of the Federal Rules of Evidence.  Rule 404(b) specifically provides:

> Other Crimes, Wrongs, or Acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Government must notify the Defendant and this Court immediately following any testimony or evidence presented by the Defendant that it intends to rebut with other crimes, wrongs or bad acts of the Defendant.  The Court will then proceed with the following analysis.

A court presented with evidence submitted under Rule 404(b) must first decide whether there is sufficient evidence that the other act in question actually occurred.  *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir.2003) (citing *United States v. Haywood*, 280 F.3d 715, 719-20 (6th Cir.2002)).  Next,

a court must determine whether one of the factors justifying the admission of "other acts" evidence is material. *Id.*; *United States v. Acosta-Cazares*, 878 F.2d 945, 948-49 (6th Cir. 1989), *cert. denied*, 493 U.S. 899. In other words, the factor must be "at issue" in the case. *Acosta-Cazares*, 878 F.2d at 948-49. If so, the court must then determine whether the "other acts evidence is probative of such factors. *Id.* Finally, a court must determine, in accordance with Rule 403, whether the probative value of the evidence is substantially outweighed by its prejudicial value. *Id.*

Therefore, Defendant's Motion is **DENIED** at this time, but may be reconsidered upon notice of the Government of its intent to introduce any such evidence.

**8.      Make no reference to Sean Murphy as a Ring Leader or Mastermind.**

The Government responds that it believes that "defendant Sean Murphy was the leader of this criminal enterprise. Depending on the nature of evidence admitted at trial, the government reserves the right to express to the jury that defendant Murphy indeed led this criminal enterprise." (Gov't Response at 4, Doc. 100).

The Court agrees with the Government's representation that it depends on the evidence admitted at trial. If the evidence shows that the Defendant acted in a leadership role, then the term ring leader or mastermind may be appropriate. If and when such term is used, the Court will consider any objection carefully to make sure there is sufficient evidence to justify its use. Therefore, Defendant's Motion is **DENIED**.

**9.      Prevent the Government from coaching witnesses about the case before or during trial.**

The Government asserts that "it is aware of its ethical obligations with respect to its presentation of evidence. While we will prepare witnesses for their trial testimony, there will be no 'coaching' involved in that preparation." (Gov't Response at 5, Doc. 100). Accordingly, the Defendant's Motion is **GRANTED** and there shall be no "coaching" of witnesses before or during the trial.

## DISPOSITION

Based on the aforementioned, Defendant's Motion in Limine is **GRANTED IN PART AND DENIED IN PART**.

The Clerk shall remove Document 93 from the Court's pending motions list.

**IT IS SO ORDERED.**


 */s/ George C. Smith*                     
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**