IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
      Plaintiff,

vs.               :    CASE NO. 2:11-CR-010(1)
                                JUDGE SMITH

SEAN MURPHY
      Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

Now comes the United States, by its counsel Assistant United States Attorney Salvador A. Dominguez, and based on the following memorandum we respectfully request that this Court deny the defendant's motion to suppress evidence seized during the execution of two search warrants at 407 Walnut Street, Lynn, Massachusetts.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Salvador A. Dominguez
SALVADOR A. DOMINGUEZ (0056232)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Sal.Dominguez @usdoj.gov

MEMORANDUM

On or about January 23, 2009, members of the Massachusetts State Police, FBI and other Violent Crimes Task Force members in Lynn, Massachusetts executed two duly authorized

search warrants upon the defendant's residence located at 407
Walnut Street, Lynn, Massachusetts. A copy of the initial search
warrant and accompanying affidavit was attached to Defendant's
motion.  Defendant did not attach all appendices to the initial
search warrant affidavit which are attached hereto and
collectively labeled Exhibits 1, 2 and 3.[1]  The second search
warrant and supporting affidavit is attached hereto and labeled
Exhibit 4.

          The affidavit in support of the initial search warrant
clearly informed the issuing court of the facts upon which
Lieutenant Alan C. Zani believed that certain documents of
interest existed within the defendant's residence, which also
functioned as his business address.  The court was not only
informed about the identity of the defendant and his proclivity
to involve himself in illegal criminal activity, it further
informed the Court as to the rationale for believing that the
documents of interest, certain business records, would be found
within the residence.   Indeed, the agents had reason to believe
that Murphy's business operated as a front for his high-end
burglary operation.

          The defendant must establish the invalidity of a

---

[1]The appendices are voluminous and labeled Attachment A
through Attachment X, all of which were provided to the reviewing
Judicial Officer. Some of the attachments are less legible than
others.  However, clear copies of each will be made available to
the Court at the scheduled suppression hearing.

facially adequate warrant.  The issuing court's determination of probable cause in the issuance of a search warrant is given great deference.  *United States v. Swihart*, 536 F.2d 715 (6th Cir. 1976); *United States v. Chaffin*, 622 F.2d 927 (6th Cir. 1980). The defendant's motion contains no assertion that the affidavit in support of the search warrant was deceptively drawn or contained factual misrepresentations.  It merely alleges that following the execution of the warrant, one Informant, Jordayne Hartman, made some alleged inconsistent statements than those that appear in the FBI 302 report documenting her interview. Those alleged inconsistent statements were, again, made long after Hartman was interviewed (nine days prior to the execution of the search warrant), and weeks after the execution of the warrant.

While the government will not address each allegation raised by the Defendant in his motion, we will comment on some of those allegations.  Murphy challenges Hartman's description of the cell phone jammer.  The fact that Murphy was even associated with a cell phone jammer, machinery which may not be legally sold in the United States, is certainly noteworthy for a reviewing judge.  The fact of the matter is that Murphy possessed a cell phone jammer and his close associate, Ms. Hartman, was well aware of the fact that Murphy possessed that device.

Defendant Murphy alleges that Hartman made some

3

mistakes in the description of jewelry obtained via Murphy's criminal activity. If Hartman's descriptions were not accurate in their entirety, the fact remains that Hartman described jewelry, in Murphy's possession, which hade been taken during the course of the E.A. Dion burglary in Massachusetts. Finally, Hartman clearly knew that Murphy used an alias when he conducted business at a New Hampshire rental company. The fact that Murphy used an alias has since been verified. While Hartman may have made some inconsistent statements at a grand jury proceeding, weeks after the execution of the search warrant, such inconsistencies do not affect the validity of the search warrant affidavit. Likewise, those alleged inconsistent statements do not suggest that the affiant misrepresented facts to the judicial officer, or was reckless in his approach to the facts. Indeed, the affiant was quite thorough by providing not only a lengthy affidavit as to the scope of its ongoing investigation but by also providing detailed attachments for the judicial officer to peruse in the review of the search warrant affidavit.

Since the affiant was not deceptive and made no misrepresentation in the search warrant affidavit, there is a presumption of validity that is attached to the affidavit requesting the warrant. *United States v. Breckenridge*, 782 F.2d 1317, 1322 (5th Cir. 1986), *cert. denied*, 107 S.C. 136, 93 L.Ed 2d 79 (1986). The government further contends that an

evidentiary hearing is not required under *Franks v. Delaware*, 438 U.S. 154 (1978).

Lastly, although the government firmly believes that the search warrant at issue is clearly supported by probable cause, the Supreme Court has held that the Fourth Amendment's exclusionary rule does not require suppression of evidence where law enforcement agents act in reasonable reliance on the search warrant issued by a Magistrate or Judge, even when such search warrant is ultimately determined to be unsupported by probable cause. *United States v. Leon*, 468 U.S. 897 (1984).

Given the facts that Detective Zani relied upon in requesting the search warrant at issue and his good faith reliance on the duly authorized search warrant, the government submits that the defendant's request for suppression of evidence is without merit and should be denied.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Salvador A. Dominguez
SALVADOR A. DOMINGUEZ (0056232)
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served electronically this 7th day of October, 2011, upon David J. Graeff, Esquire, P.O. Box 1946, Westerville, OH 43086, counsel for defendant Sean Murphy.


s/Salvador A. Dominguez
SALVADOR A. DOMINGUEZ
Assistant United States Attorney