EXHIBIT 1

AUSA Salvadore A. Dominguez       July 1, 2010
303 Marconi Blvd. Suite 200
Columbus, OH 43215

RE: United States v. Sean O. Murphy

Dear AUSA Dominguez:

     The burglary into Brinks occurred on January 17, 2009. In April 2009, the FBI received information from David Nassor implicating certain individual in the heist. In August 2009, the FBI recovered stolen property and crime tools used in the Brinks burglary from Robert Doucette.

     When SA Jason Costello served me with your subpoena for DNA in late August he stated that he had enough evidence to indict me, but he was going to hold off charging all suspects. You certainly have enough evidence to proceed now.

     I am hereby requesting that you move forward with the indictment and/or information immediately. Any further delay is denying me credit for time served. The government is gaining an unfair advantage by not charging me. I am being prejudiced unnecessarily.

     Please charge me and send the U.S. Marshals to come get me in Massachusetts. Any further delay may result in prosecutorial delay.

     Thank you for your attention to this matter.

           Very truly yours,

           Sean Murphy
Bristol County Jail, 226 Ash St.
          New Bedford, MA 02740

cc: file

Clerk                    EXHIBIT 2              September 1, 2010
U.S. District Court
85 Marconi Blvd.
Columbus, OH 43215

        RE: United States v. Sean D. Murphy

Dear Clerk:
        Enclosed please find my Demand for
Indictment-Information and/or Speedy Trial.
Please forward this document to a Magistrate
or Judge for determination of any action
to be taken. I have written to the
AUSA and I have no other recourse but
to petition the Court to preserve my rights.
        Please notify me of any action taken.
Thank you for your attention to this matter.

                        Very truly yours,


                        Sean D. Murphy
                        Bristol County Jail
                        226 Ash Street
                        New Bedford, MA 02740
cc: File
Salvador A. Dominguez, AUSA

P.S  Could you send me the address to the
Federal Defender Office in Columbus, OH?

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

UNITED STATES )
v. ) No. 1: 10-CR-
SEAN D. MURPHY )

DEMAND FOR INDICTMENT-INFORMATION
AND/OR SPEEDY TRIAL

The defendant, Sean D. Murphy, moves
that the government file an indictment or
information in a timely manner for crimes
occurring on January 17, 2009, in
Columbus, Ohio, in accordance with the
5th Amendment to the United States
Constitution. See, United States v. Marion,
404 U.S. 307, 324-325 (1971). The government
is using the pre-indictment delay to gain
a tactical advantage over defendant.
United States v. Schaffer, 586 F. 3d
414, 424 (6th Cir. 2009).

The defendant also moves for a
speedy trial in accordance with the 6th
Amendment to the United States Consti-
tution, 18 U.S.C. 3161 and Federal
Rules of Criminal Procedure 5.

Respectfully submitted,
By the defendant,

Sean D. Murphy
Bristol County Jail
226 Ash Street
New Bedford, MA 02740

Dated: 9-1-2010

CERTIFICATE OF SERVICE

I, Sean D. Murphy, certify that I have served a true copy of this document upon the below-named individual by first class mail, postage pre-paid.

Salvador A. Dominguez
Assistant U.S. Attorney
303 Marconi Blvd. #200
Columbus, OH 43215

# AFFIDAVIT OF SEAN D. MURPHY

I, Sean D. Murphy, depose and say;

1. I am one of four individuals awaiting indictment or information for a Burglary into Brinks in Columbus, OH on 1-17-2009.

2. The government has obtained more than enough information to file formal charges.

3. I am being prejudiced concerning my ability to locate and interview percipient witnesses who may have observed certain things on 1-17 & 18 - 2009 in and around Brinks

4. I am being denied the opportunity to receive jail credits (time served) and a possible concurrent sentence.

5. Upon information and belief, the government is delaying formal charges to gain an unfair tactical advantage.

Signed under the penalties of perjury.

Sean D. Murphy

Salvador A. Dominguez
U.S. Attorney's Office
303 Marconi Blvd. Suite 200
Columbus, OH 45215

RECEIVED
2011 JAN 24 PM 12:59
UNITED STATES
ATTORNEY
COLUMBUS, OHIO

Dear AUSA Dominguez:

    Now that you have brought your witnesses out to Ohio to testify at the federal Grand Jury, can you please institute formal charges and instruct the US Marshals to come to Massachusetts to bring me to Columbus, Ohio to face the allegations? The more time that goes by without bringing me to Ohio, the more I am being denied "jail credit" and the opportunity for a "concurrent sentence" in the federal matter. There is no reason for further delay. My conversation with SA Jason Costello and ADA Garret Fregault indicate an intentional delay in bringing the charges in the federal Ohio matter. SA Costello told me in August 2009 that he had enough evidence to indict me, but he was going to wait. ADA Fregault stated that you were not going to charge me until the Massachusett state case is resolved. As a result, Fregault has caused the Massachusetts

pg. 2

care to linger on the docket twice as long
as other similar cases.

There is not much more that I can do
to persuade you to bring me out to Ohio.
I am appealing to your sense of fair
play. This unnecessary delay gives you
an unfair tactical advantage on many
fronts. How can I prepare a defense
and interview percipient witnesses before
memories lapse, the witnesses relocate or
are simply unable to be located, if you
intentionally delay bringing me to Ohio?

You know the right thing to do.
The question is: Are you going to do it?
Sometimes it is better to be fair.
Especially so where you are in a
position to excercise control over the
process.

Very truly yours,

Sean Murphy
Bristol County Jail
226 Ash St.
New Bedford, MA
02740



PROVIDENCE RI 028

20 JAN 2011 PM 3 L

Salvador A. Dominguez
U.S. Attorney's Office
303 Marconi Blvd. Suite 2.5
Columbus, OH 43215

43215+2326

**Bristol County Sheriff's Office**
**400 Faunce Corner Road**
**North Dartmouth, MA 02747**
Ash St. Facility

Your Full Name: Sean Murphy
*Su Nombre Lleno*

ID#: 160721

Unit & Room #: G-A - 138
*La unidad y Número del Cuatro*

EXHIBIT 3

# PROFFER   PART I

1. In exchange for a guilty plea and not making the Government/Commonwealth prove their case(s) at Trial.

    a. The FBI *indicated* this would be more than a standard 3 point downward departure for acceptance of responsibility and timeliness.

    b. Discussions revolved around cutting both the Bristol County and the federal Ohio sentences in half in exchange for:

        1. Teaching the FBI advanced techniques in elite burglary and making the session interactive to let the FBI "pick Murphy's brain".

        2. Forwarding information and intelligence on crimes Murphy is aware of that DO NOT include Murphy as a participant.

        3. Forwarding recent information received on the New England mafia.

        4. Forwarding intelligence on Drug Traffickers.

    c. Murphy specifically requested release on Bail to be able to forward information on the time and place when major felony crimes will take place, including:

        1. Possible intelligence on Nunie & Angelo Ortiz.

## Information on Miguel "Mikey" Carrabello

Diamond Heist      Masked Armed Robbery    @ 8/07
                    Maine

He got caught with some of the stolen property, rings, diamonds.
There were two younger co-defendants who supposedly pled guilty.
A female was supposedly subpoenaed to Grand jury then was let go.

ATM              Breaks              @ 2 years ago
                    Possibly Brookline area

Broke in through the roof. Small buildings for ATM only.
Smashed the brain.    @ $80,000

## Information on New England Mafia

Received from Stephen "Moon" Russo & David Veglia

Following individuals will be moving up due to The Cheeseman going to
jail and Gerry dying:

Phil Popoulo
Vinny Federico
Sonny Grasso
Anthony "Spucky" Spagnola

## INFORMATION RECEIVED FROM ERNEST ROGERS & SEAN DRISCOLL

| | | | | |
|---|---|---|---|---|
| 1. | Red Lobster<br>Driscoll, John Donovan | Break | Orlando, FL | 2004 |
| 2. | Eaton Pharmacy<br>Rogers, John Fleury | Break | Lynn Commons | 2007 |
| 3. | Wells Pharmacy<br>Rogers, Donovan | Break | Woburn, MA | summer 2008 |
| 4. | Medicine Shoppe<br>Rogers, Driscoll, Tom Dion | Break | Concord, NH | 10/2008 |
| 5. | Walgreens<br>Rogers, Driscoll | Break | Swampscott, MA | 11/2008 |
| 6. | Walgreens<br>Rogers, Jon Coakley, Jim McQuaid | Break | Danvers, MA | late 2008 |
| 7. | Pharmacy<br>Driscoll, Ryan Arthur | Break | Salem, NH | late 2008 |
| 8. | Winchester Pharm.<br>Driscoll, Ryan Arthur | Break | Winchester, MA | 02/2009 |
| 9. | Eaton Pharmacy<br>Driscoll, Ryan Arthur | Consp./Att. | Woburn, MA | 02/2009 |
| 10. | Rite Aid<br>Rogers, Driscoll | Break | Ipswich, MA | 03/2009 |

## NASSOR INFORMATION

| | | |
|---|---|---|
| Drug Store<br>Nassor, Angelo Ortiz<br>** Nassor can provide details. | Framingham area<br>(unsuccessful)(used jammer) | early 2008 |

| | | |
|---|---|---|
| Safe Job<br>Nassor, Tom Enquist<br>** Nassor can provide details. | Southern NH<br>(safe empty) | early 2008 |

| | | |
|---|---|---|
| Drug Store<br>Nassor, John Fleury<br>** Nassor can implicate Fleury. | Ohio<br>Nassor IDed via DNA – pled out | 2005/2006 |

Marijuana Running     Scottsdale, AZ     2005-2007
Nassor ran large quantities of weed across the country for Karakedos Brothers and another unknown individual, with Mike Nagle.
** Nassor or Nagle can provide details.

## ADDITIONAL INFORMATION

Ernie Rogers is worried about his blood being left at the scene of two separate Drug Stores. His DNA is not in CODIS (yet), although it should be.

Sean Driscoll has drugs and a handgun stashed at Robb Barr's apartment at the Magnolia Street Condo Units in Lynn. Rob went to Darcy Wigfall's house at 270 Main Street, Saugus, MA to pick up a duffle bag belonging to Driscoll. Darcy gave Rob Barr the duffle bag containing clothes and a handgun, Darcy took all the drugs that were in that particular bag and kept them, prior to giving the duffle bag to Barr. Rob Barr generally holds all of Driscoll's contraband. Driscoll is due to be released any day.

Angelo & Nunie Ortiz have been targeting Drug Stores, Jewelry Stores and Banks. They have Murphy's Y2000Quad Cellular Jammer, Milwaukee Electromagnetic Hawg Drill and other high tech crime tools. They have a fairly tight crime team. Experienced and knowledgeable. They tried to recruit JoMo away from Murphy in early 2008. (JoMo is not "a bag of nails". He is a very knowledgeable, highly experienced well-trained professional thief).(See PART II, Proffer).

## ADDITIONAL INFORMATION continued

Mike Stanley (from Lynn) is currently traveling across the country on a scam cashing in counterfeit $100 bills. He made them on a laser printer and has been targeting drug dealers mostly.

Brian Febonio was using Easy-Off Oven Cleaner to take the ink off of $5 dollar bills and then print the $100 and $50 on them using a color copier.

## ABOVE STREET LEVEL & STREET LEVEL CONNECTS

| Name | | | |
|------|------|------|------|
| Pablo | 180*104*12629 | | |
| Kernel | 183*909*825 | | |
| Angel | 183*906*2116 | | |
| "L" | 183*909*3428 | | |
| Bori | 978-397-5359 | | |
| Felon | 978-967-6310 | | |
| Micky | 978-406-2568 | | |
| Edgar | 978-885-9824 | | |
| Versace | 857-207-5051 | 781-632-1561 | |
| Ricky | 813-463-3599 | | |
| Tony | 978-930-0321 | 603-265-1232 | 207-423-0093 |
| Eman | 347-257-9794 | | |
| Ramon | 978-590-5724 | | |
| Wanda | 978-828-1648 | | |
| "A" | 207-467-0819 | | |
| Orlando | 401-632-1623 | | |
| Manuel | 978-394-2659 | | |
| Angelo | 979-397-6061 | | |
| Brito | 781-244-8361 | | |
| Ritchie | 62 Hancock, Lawrence (wait out front) | | |

ATM skimming scam

Vladislav Vladev

- with him in
Middleton, Bridivia

- Bulgarians - skimming gets
- Anton Venkov
- Ivano Ivanko

- Ivanov called Vlad just before arrest
- Vlad went to storage unit in Qcy,
  Trenaces computers + dumped on McDonald
  laptop - has ice-9 skimmer
          - laptop
- Ben - company in Bulgaria that makes skim
  take photo of ATM + send to them   Flash drive
- cameras held like G, download to 128 G
- Nokia 1101 program to get info out
- couple banks in 2u not charged yet
- machine used MSR-206 cards under to
  fake ATM card
- did jobs in Chicago, Scottsdale + Toronto    a real lot
                     a lot
- Venkov has codes for 200 new victims,
  Ben holding   cut off
- Valdex 732         ) Skype contacts for vlad
- USAUSAUSA 12345   )
- only Ben can get info out of skimmer
- he holds comm info

Heghar Bank Break
- Julio Mercado (Marys brother) Saw in court
- Numa, Angelo, Shawn McDonald did 1 job
  → 700 K take
  → jammu, Hiu cost

Juan Garcia Hernandez - Trafficking ?
- Los Zetas - Mexican Gov
- major trafficker
- said if he had $, 50 - 100 lbs of coke
- got caught w/ 50 kilos

EJ's - brother Angel - a street

+ guns etc, + passcode to Los Zetas Prostate
- in Middle school a year

✱✱ JR → RL → heard SM ratting on JR
then JR went to Kristin

Q- Driscoll told SM @ Winchef Grade →
sell pills on campus, went back to college
got pinched - dumps pills on snow Cing

C- Coakley confessed to Dams, said when they
came out, cop in unmarked SUV then
SUV
= Rogers + Medina - Drue
= Front Seat
+ borrowed car from Shea's brother - Tom Greg's
SUV
- thinks Ernie took some drugs on the sly



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Ohio*

*303 Marconi Boulevard*                                    *(614) 469-5715*
*Suite 200*                                                        *(614) 469-5653*
*Columbus, Ohio  43215*

January 29, 2010

David P. Linsky, Esquire
4 Longfellow Place, 35th Floor
Boston, MA  02114

      Re: Sean Murphy

Dear Mr. Linsky:

      It is my understanding that during earlier conversations between you and Special Agent
Jason Costello, FBI, concerning your above-referenced client, you stated that Mr. Murphy may
be interested in meeting with federal agents and perhaps other local law enforcement officials for
purposes of an "off-the-record" proffer or discussion.  We are willing to consider such an "off-
the-record" proffer or discussion.

      In order to assure that there are no misunderstandings concerning the meaning of "off-the-
record", I am writing to clarify the ground rules for any such discussion with your client.  First,
no statements made, or other information provided, by your client during the "off-the-record"
proffer or discussion will be used against your client in any criminal case.  Second, the gov-
ernment may make derivative use of any information and may pursue any investigative leads
suggested by any statements made, or other information provided, by your client.  (This provision
is necessary in order to eliminate any later necessity for a <u>Kastigar</u> hearing at which the
government would be required to prove that evidence it wished to introduce at trial was not
tainted by any statements made, or other information provided, by your client during the "off-the-
record" proffer or discussion.)  Third, in the event your client is a witness at any trial, the attorney
for the government may cross-examine your client concerning any inconsistencies with
statements made or other information provided during the "off-the-record" proffer or discussion.

      The focus of this proffer or discussion will be your client's knowledge of his own
involvement in theft related offenses and his knowledge of other individuals who may be or have
been involved with such offenses.  If your client makes <u>any</u> statements that would incriminate
himself which do not focus upon such theft related offenses, the said statements <u>can</u> and <u>will</u> be
used against him in any proceeding that would be held to adjudicate the underlying offense about
which the statement is made.

David P. Linsky, Esquire
January 29, 2010
Page 2

    Mr. Murphy acknowledges that the making of a proffer pursuant to this agreement does not constitute substantial assistance within the meaning of 18 U.S.C. §3553(e) or §5K1.1 of the United States Sentencing Guidelines and does not, in and of itself, provide a basis for a departure from an otherwise applicable minimum mandatory sentence or Sentencing Guideline range.

    If your client wishes to engage in an "off-the-record" proffer or discussion pursuant to these ground rules, please indicate such approval at the appropriate places below, return the original of this letter to me, and retain a copy for your files.

                        Very truly yours,

                        CARTER M. STEWART.
                        United States Attorney

                        SALVADOR A. DOMINGUEZ
                        Assistant United States Attorney

APPROVED:

_____

SEAN MURPHY

_____

DAVID P. LINSKY
Counsel for Mr. Murphy

_____

Date



**U.S. Department of Justice**

**CARMEN M. ORTIZ**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                  *United States Courthouse, Suite 9200*
                                                   *1 Courthouse Way*
                                                   *Boston, Massachusetts 02210*

February 3, 2010

David Linsky, Esq.
Denner & Pellegrino, LLP
4 Longfellow Place, 35th Floor
Boston, MA 02114

                    Re:   <u>Sean Murphy</u>

Dear Attorney Linsky:

     This letter confirms that the United States Attorney for the District of Massachusetts and the Bristol County District Attorney's Office will consider an accurate and complete proffer from your client, Sean Murphy, in connection with firearms, violent crimes, thefts of narcotics and drug trafficking.  The terms under which the contemplated proffer will be received are as follows:

     1.   No statements made or other information provided by Sean Murphy will be used by the United States Attorney or the Bristol County District Attorney's Office directly against him, except for purposes of cross-examination and/or impeachment should he offer in any proceeding statements or information different from statements made or information provided by him during the proffer, or in a prosecution of Sean Murphy based on false statements made or false information provided by Sean Murphy.

     2.   The government may make derivative use of, or may pursue any investigative leads suggested by, any statements made or other information provided by Sean Murphy in the course of the proffer.  Any evidence directly or indirectly derived from the proffer may be used against him and others in any criminal case or other proceeding.  This provision is necessary in order to eliminate the possibility of a hearing at which the government would have to prove that the evidence it would introduce is not

                              1

tainted by any statements made or other information provided during the proffer. See Kastigar v. United States, 406 U.S. 441 (1972).

The United States Attorney is not hereby agreeing that she will subsequently enter into a plea or immunity agreement with your client. Nor is the Bristol County District Attorney making such an agreement. The foregoing is the complete agreement between your client and the United States Attorney and the Bristol County District Attorney with regard to your client's proffer.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
GLENN A. MACKINLAY
Assistant U.S. Attorney


C. SAMUEL SUTTER
Bristol County District Attorney

By: _____
GARRETT R. FREGAULT
Assistant District Attorney


Acknowledged and agreed to:

_____
Sean Murphy

_____                    2/23/10
DAVID LINKSY, ESQ.                          DATE
Counsel for Sean Murphy

2/23/10
DATE


2

## Punishment of habitual criminals

M.G.L.A. 279 § 25

### MASSACHUSETTS GENERAL LAWS ANNOTATED
### PART IV. CRIMES, PUNISHMENTS AND PROCEEDINGS IN CRIMINAL CASES  (CH. 263-280)
### TITLE II. PROCEEDINGS IN CRIMINAL CASES (CH. 275-280)
### CHAPTER 279. JUDGMENT AND EXECUTION

*Current through Chapter 380, except for Chapter 359, of the 2010 2nd Annual Session.*

### § 25. Punishment of habitual criminals

Whoever has been twice convicted of crime and sentenced and committed to prison in this or another state, or once in this and once in another state, for terms of not less than three years each, and does not show that he has been pardoned for either crime on the ground that he was innocent, shall, upon conviction of a felony, be considered an habitual criminal and be punished by imprisonment in the state prison for the maximum term provided by law as a penalty for the felony for which he is then to be sentenced.

<u>\<General Materials (GM) - References, Annotations, or Tables\></u>

### HISTORICAL NOTES

### HISTORICAL AND STATUTORY NOTES

### 1998 Main Volume

St.1887, c. 435, § 1.
R.L.1902, c. 220, § 21.
St.1904, c. 303.

### REFERENCES

### LAW REVIEW AND JOURNAL COMMENTARIES

Constitutionality of statutes permitting increased sentences for habitual or dangerous criminals.  89 Harv.L.Rev. 356 (1975).

Habitual criminal statutes:  requirement of prior convictions.  51 Harv.L.Rev. 345 (1937).

Impeachment by prior uncounseled convictions.  5 Suffolk U.L.Rev. 723 (1971).

Interstate corrections and penal legislation.  Sanford J. Fox 42 B.U.L.Rev. 57 (1962).

Legal factors and racial discrimination in sentencing.  Shawn D. Bushway & Anne Morrison Piehl, 35 Law and Society Rev. 733 (No.4, 2001).

Recidivism procedure.  81 Harv.L.Rev. 209 (1967).

Requisites of offense in foreign state as basis for a second offender sentence.  63 Harv.L.Rev. 1448 (1950).

Sentencing provisions;  habitual criminals.   George F. McGrath, 2 Ann.Surv.Mass.L. 121, 122 (1955).

---------- 94632----------

### REFERENCES

### LIBRARY REFERENCES

### 1998 Main Volume

Criminal Law ⬤➞1200 et seq.
Westlaw Topic No. 110.
C.J.S. Criminal Law § 1638.

### REFERENCES

### RESEARCH REFERENCES

ALR Library

57 ALR 443, Pardon as Affecting Previous Offenses or Punishment Therefor.

Treatises and Practice Aids

32 Mass. Prac. Series § 88, Habitual Criminal Statute.

17B Mass. Prac. Series § 53.15, Proof of Particular Crimes--In General.

30A Mass. Prac. Series § 23.1, Text of Rule and Reporters' Notes.

### REFERENCES

### UNITED STATES SUPREME COURT

Burglary, sentence enhancement, prior felony convictions, see <u>Taylor v. U.S., U.S.Mo.1990, 110 S.Ct. 2143, 495 U.S. 575, 109 L.Ed.2d 607.</u>

**Breaking and entering at night**

M.G.L.A. 266 § 16

## MASSACHUSETTS GENERAL LAWS ANNOTATED
### PART IV. CRIMES, PUNISHMENTS AND PROCEEDINGS IN CRIMINAL CASES (CH. 263-280)
### TITLE I. CRIMES AND PUNISHMENTS (CH. 263-274)
### CHAPTER 266. CRIMES AGAINST PROPERTY

*Current through Chapter 380, except for Chapter 359, of the 2010 2nd Annual Session.*

## § 16. Breaking and entering at night

Whoever, in the night time, breaks and enters a building, ship, vessel or vehicle, with intent to commit a felony, or who attempts to or does break, burn, blow up or otherwise injures or destroys a safe, vault or other depository of money, bonds or other valuables in any building, vehicle or place, with intent to commit a larceny or felony, whether he succeeds or fails in the perpetration of such larceny or felony, shall be punished by imprisonment in the state prison for not more than twenty years or in a jail or house of correction for not more than two and one-half years.

### CREDIT(S)

*Amended by St.1943, c. 343, § 1; St.1974, c. 462, § 2; St.1985, c. 312, § 1.*

<u>&lt;General Materials (GM) - References, Annotations, or Tables&gt;</u>

### HISTORICAL NOTES

### HISTORICAL AND STATUTORY NOTES

#### 2008 Main Volume

C.L. c. 204, § 3.

St.1692-3, c. 18, § 4.
St.1804, c. 143, § 4.
R.S.1836, c. 126, § 11.
St.1839, c. 31.
St.1851, c. 156, § 1.
G.S.1860, c. 161, § 12.
P.S.1882, c. 203, § 12.
R.L.1902, c. 208, § 16.

St.1943, c. 343 inserted the provision for imprisonment "in a jail or house of correction for not more than two and one half years".

St.1943, c. 343, § 1, approved May 27, 1943, and by § 2 made effective Oct. 1, 1943, inserted "or in a jail or house of correction for not more than two and one half years".

St.1974, c. 462, § 2, approved July 3, 1974, inserted "or who attempts to or does break, burn, blow up or otherwise injure or destroy a safe, vault, or other depository of money, bonds or other valuables in any building or place, with intent to commit a larceny or felony, whether he succeeds or fails in the perpetration of such larceny or felony,".

St.1985, c. 312, § 1, approved Sept. 26, 1985, substituted ", vessel or vehicle" for "or vessel", and "injures or destroys" for "injure or destroy", and inserted ", vehicle" preceding "or place".

---------- 90232----------

### REFERENCES

#### CROSS REFERENCES

Aggravated rape, construction of complaint or indictment, see <u>c. 277, § 39</u>.
Felony, defined, see <u>c. 274, § 1</u>.
Indictment form for breaking and entering, etc., see <u>c. 277, § 79</u> schedule.
Rape committed during commission of offense as defined in this section, see <u>c. 265, § 22</u>.

### REFERENCES

#### LAW REVIEW AND JOURNAL COMMENTARIES

Crime of breaking and entering. (March 1947) 32 Mass.L.Q. No. 1, p. 46.

Criminal jurisdiction of district courts. (March 1947) 32 Mass.L.Q. No. 1, p. 41.

### REFERENCES

#### LIBRARY REFERENCES

#### 2008 Main Volume

Burglary ☞4, 8, 49.
Westlaw Topic No. 67.
C.J.S. Burglary §§ 1 to 4, 28 to 31, 33, 36 to 43, 175 to 179.

### REFERENCES

#### RESEARCH REFERENCES

MGL c. 266 Section 16. Whoever, in the night time, breaks and enters a building, ship, vessel or vehicle, with intent to commit a felony, or who attempts to or does break, burn, blow up or otherwise injures or destroys a safe, vault or other depository of money, bonds or other valuables in any building, vehicle or place, with intent to commit a larceny or felony, whether he succeeds or fails in the perpetration of such larceny or felony, shall be punished by imprisonment in the state prison for not more than twenty years or in a jail or house of correction for not more than two and one-half years.

MGL c. 279,Section 25. Whoever has been twice convicted of crime and sentenced and committed to prison in this or another state, or once in this and once or more in another state, for terms of not less than three years each, and does not show that he has been pardoned for either crime on the ground that he was innocent, shall, upon conviction of a felony, be considered an habitual criminal and be punished by imprisonment in the state prison for the maximum term provided by law as a penalty for the felony for which he is then to be sentenced.

AO 110 (Rev. 01/09) Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

## SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To: Sean D. Murphy
    DOB: 7/19/64
    SS # xxx-xx-8106

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. Courthouse | Date and Time: |
|---|---|
| 85 Marconi Boulevard | 09/24/09 9:00 a.m. |
| Columbus, Ohio 43215 | |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

DNA swab and major case fingerprints

Date: 08/25/2009

CLERK OF COURT

Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the United States Attorney, or Assistant United States Attorney, who requests this subpoena, are:
SALVADOR A. DOMINGUEZ
Assistant U.S. Attorney
U.S. Attorney's Office
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715

FBI-Trombitas- 401



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Ohio*

303 Marconi Boulevard                    (614) 469-5715
Suite 200                                (614) 469-5653
Columbus, Ohio  43215

August 25, 2009

Dear Mr. Murphy:

You have been served a subpoena issued by a federal grand jury in connection with a criminal investigation being conducted in this district.  This subpoena direct you to provide fingerprints and DNA on Thursday, September 24, 2009.

As a convenience to you, you may, if you wish, make arrangements with Special Agent Costello, Federal Bureau of Investigation, to provide the samples in lieu of appearing personally before the grand jury.  Otherwise your attendance is required at the indicated date and time.

You are advised that the Grand Jury is conducting an investigation of possible violations of Federal criminal laws. If you have any questions, please call Special Agent Costello at (617) 223-6405.

Sincerely,

GREGORY G. LOCKHART
United States Attorney

SALVADOR A. DOMINGUEZ
Assistant United States Attorney

SAD/ebs

EXHIBIT 4

6/7/2010
(Date)

Attleboro, MA
(Location)

I, Sean Murphy (DOB: 07/19/1964), formerly of 407 Walnut Street, Lynn, Massachusetts, hereby authorize FBI Special Agent Jason Costello and Attleboro Police Detective Richard Campion to videotape me for the purpose of creating a law enforcement training video utilizing my knowledge of commercial burglary. I understand that any such training video may be distributed amongst the law enforcement community for training purposes.

I have given this written permission to the above-named law enforcement officers voluntarily and without threats or promises of any kind. I understand that by signing this consent form, I hereby waive any and all intellectual property rights, including but not limited to financial compensation, to the information that I provide. I further agree to waive any future claims against the FBI , the Attleboro Police Department or any other law enforcement agency.

(Signature)

6 - 7 - 10
(Date)

Witnesses (Sign and Date):

Det. Richard Campion (ATTLEBORO PD)

SA (FBI)





HYDRAULIC MOTOR

WATER CONNECTION

CORE BIT

HYDRAULIC HOSES

DROP-IN LAG

CORE STAND

THREADED ROD

GAS

HYDRAULIC PUMPER

CORE BORE



Power Cord

JAMMER

800  900  1800 1900  3G  4G

DIRECTIONAL ANTENNAS





EXHIBIT 6

## PROFFER PART II

Crimes Murphy is willing to testify to in return for **immunity and further reductions of sentence(s)** for Bristol County case and the federal Ohio case.

| | | | |
|---|---|---|---|
| 1. | Amerisource Bergen<br>Dave Thompson, Joe Morgan, John Hunt, (Jim King) | Sacremento, CA | 10-11/2003 |
| | Wells Fargo<br>Dave Thompson, Joe Morgan, John Hunt | Salt Lake City, UT | 10-11/2003 |
| 2. | COSTCO<br>John Fleury    (attempt) | Northern NJ | 2004 |
| 3. | Canteen Corp.<br>John Fleury    ($44,000) | Central CT (Rt. 91S) | 9/2004 |
| 4. | COSTCO<br>David Thompson    (Jewelry/Drugs) | Montgomery TWP, PA | 10/2004 |
| 5. | Bank<br>John Fleury, Tom Enquist | North Conway, NH<br>(no loot) | 9/2006 |
| 6. | Cigarette Warehouse<br>John Fleury, Tom Enquist | Manchester, CT | 9-10/2006 |
| 7. | Amerisource Bergen<br>John Fleury, Tom Enquist    (1.8 million pills) | Mansfield, MA | 11/2006 |
| 8. | Airgas<br>Tom Enquist, Joe Morgan, Dave Nassor   (Oxygen tanks) | Dorchester, MA | 8/2007 |
| 9. | National Diamond<br>John Fleury, Tom Enquist, Joe Morgan, Dave Nassor  (attempt) | Warwick, RI | 9/2007 |

10.    Jostens                        Attleboro, MA              10/2007
       Joe Morgan, Dave Nassor, Tom Enquist, Michael Campis


11.    Gold Bullion Dist.             Champlain, NY              late 2007
       Dave Nassor, Joe Morgan  (Conspiracy)
       Nassor got arrested, Morgan got caught then released


12.    Providence Chain               Providence, RI            1/2008
       Joe Morgan, Michael Campis, Dave Nassor   (attempt)


13.    Sardelli International          Warwick, RI               2-5/2008
       Joe Morgan, Dave Nassor, Angelo Ortiz, Michael Campis (attempt)


14.    E.A. Dion                      Attleboro, MA             6/2008
       Joe Morgan, Dave Nassor        (gold, silver, diamonds)


15.    Brinks                         Columbus, OH              1/2009
       Joe Morgan, Rob Doucette, Dave Nassor       ($$$)

CRIMES 6 YEARS OR OLDER

| | | |
|---|---|---|
| Speed Shop<br>Jim King | Hampton, NH | 1999 |
| Supermarket<br>Dave Thompson | Ossipee, NH | 1999 |
| Core Bore Company<br>Jim King | Central, NJ | 1999 |
| Drug Store<br>Jim King | Rt 110 Amesbury, MA | 1999 |
| Pathmark<br>Dave Thompson | Northern, NJ | 1999-2000 |
| Stop & Shop<br>Dave Thompson | North-West, CT | 2000 |
| Cigarette Wholesaler<br>Dave Thompson | Chicopee, MA | 2000 |
| Drug Warehouse<br>Dave Thompson, Jim King | Milton, VT | 2000 |
| Shalom International<br>Dave Thompson | Central, NJ | 2001 |
| Cigarette Wholesaler<br>Dave Thompson | Manchester, CT | 2001 |
| Valley Wholesale Drug<br>Dave Thompson, Mike Murphy | Altoona, PA | 2001 |
| Jewelry Wholesaler<br>Dave Thompson, Donny Morgan | Fort Lee, NJ | 2002/2003 |
| Ethan Allen<br>Dave Thompson, Joe Morgan, John Hunt, John Fleury,<br>John Hunt, Jr., Diane Delauri, Melissa Falasca, Mike Murphy | Saugus, MA | 2003 |

EXHIBIT 7

| ☐ SUMMONS FOR DEFENDANT<br>☒ SUMMONS FOR WITNESS | DOCKET NUMBER<br>0950CR000036 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

SESSION: ☒ CRIMINAL ☐ JUVENILE ☐ JURY ☐ MAGISTRATE HEARING

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

**Commonwealth vs. Brian Stevens**

NAME AND ADDRESS OF COURT DIVISION

Malden District Court
89 Summer Street
Malden, MA 02148

DATE AND TIME OF APPEARANCE

**July 7, 2009 At 8:45 A.M.
JURY TRIAL**

YOU MUST APPEAR AT THIS COURT ADDRESS ON THE DATE AND TIME SPECIFIED HEREIN

NAME, ADDRESS AND ZIP CODE OF WITNESS

**SEAN MURPHY
407 WALNUT ST
LYNN, MA** 01905

OFFENSE(S)
**UTTER FALSE CHECK c267 §5,
FORGERY OF CHECK c267 §1,
RECEIVE STOLEN PROPERTY -$250 c266 §60,**

**TO ANY PERSON AUTHORIZED TO SERVE CRIMINAL PROCESS IN THE COMMONWEALTH**
You are hereby commanded to forthwith serve the annexed summons upon the defendant or witness named within by delivering it to the defendant or witness personally, or by leaving it at the dwelling house or usual place of abode of the defendant or witness with some person of suitable and discretion then residing therein, or by mailing it to the last known address of the defendant or witness.
NOTE: A summons for a witness may also be served by any person authorized to serve a summons in a civil action. See Rule 17(d)(1) of the Massachusetts Rules of Criminal Procedure.

To the above named ☐ Defendant ☒ Witness:
You are hereby ordered to appear in this Court on the appearance date noted above.
☐ To answer to a criminal complaint charging with the offenses listed above.
☒ To give evidence and testify on the behalf of the ☒ Commonwealth ☐ Defendant in the matter described above, and to appear from time to time and day to day thereafter as ordered. You are further required to bring with you:

**If you have any questions, please call Assistant District Attorney CARRIE SPIROS at 781-897-8690.**

| DATE OF ISSUE | DISTRICT ATTORNEY |
|---|---|
| May 28, 2009 | Gerard T. Leone, Jr. |

**RETURN OF SERVICE**
I hereby certify that I served the within summons upon the above named ☐ Defendant ☒ Witness by
☐ Delivering a copy of it personally to the defendant or witness.
☐ Leaving a copy of it at the dwelling house or usual place of abode of the defendant or witness with a person of suitable age and discretion residing therein.
☐ Mailing a copy of it to the last known address of the defendant or witness.
☐ I received the summons on _____ but was unable to make service because: _____
DATE RECEIVED

| DATE OF SERVICE | SIGNATURE OF PERSON MAKING SERVICE | TITLE OF PERSON MAKING SERVICE |
|---|---|---|

**WARNING TO DEFENDANT OR WITNESS:**

Failure To Appear In Accordance With This Summons May Result In The Issuance Of A Warrant For Your Arrest.
Please Bring This Document With You To Court.

Atencion:

Esta Es Una Notificación Oficial De La Corte. Si Usted No Sabe Leer Inglés, Obtenga Traducción!

☐ Original Copy    ☐ Duplicate Copy

CJCR-2 (1/84)  MCI - (5/92)

EXHIBIT 8

| **MITTIMUS FOR SENTENCE**<br>RETURN OF SERVICE COPY | | DOCKET NUMBER<br>0950CR000036 | **Trial Court of Massachusetts**<br>**District Court Department** |
|---|---|---|---|

| DEFENDANT NAME<br>Brian C Stevens | | DOB<br>12/27/1983 | GENDER<br>Male | COURT DIVISION<br>Malden District Court |
|---|---|---|---|---|
| SID NO<br>MA10207002 | PCF NO<br>2452232 | SOC SEC NO<br>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 | | DATE COMPLAINT ISSUED<br>01/07/2009 |
| V/W ASMT OWED | OUI VICTIM ASMT OWED | HEAD INJ SURFINE OWED | POLICE DEPARTMENT OF OFFENSE<br>Wakefield PD | |

TO THE OFFICIAL IN CHARGE OF: Middlesex House of Correction

The above defendant has been convicted of the offense(s) shown below. This Court has **ORDERED** that the defendant be committed to the above institution and confined there pursuant to the sentence described herein.

| COUNT | OFFENSE CODE | | | | DATE OF OFFENSE |
|---|---|---|---|---|---|
| 1 | 267/5/B | UTTER FALSE CHECK c267 §5 | | | 09/10/2008 |

Total Length of Sentence Imposed: Years:    Months: 18    Days:    Sentence Start Date: 08/18/2009
Amount of Sentence To Be Served: Years:    Months: 18    Days:    Jail Credit Days To Be Given:

This sentence is to be served consecutively to:
This sentence is to be served concurrently with: 0850CR003721 & 0950CR001020

| 2 | 267/1/B | FORGERY OF CHECK c267 §1 | | | 09/10/2008 |
|---|---|---|---|---|---|

Total Length of Sentence Imposed: Years:    Months: 18    Days:    Sentence Start Date: 08/18/2009
Amount of Sentence To Be Served: Years:    Months: 18    Days:    Jail Credit Days To Be Given:

This sentence is to be served consecutively to:
This sentence is to be served concurrently with: Count 1 & 0850CR003721 & 0950CR001020

| 3 | 266/60/B | RECEIVE STOLEN PROPERTY -$250 c266 §60 | | | 09/10/2008 |
|---|---|---|---|---|---|

Total Length of Sentence Imposed: Years:    Months: 18    Days:    Sentence Start Date: 08/18/2009
Amount of Sentence To Be Served: Years:    Months: 18    Days:    Jail Credit Days To Be Given:

This sentence is to be served consecutively to:
This sentence is to be served concurrently with: Counts 1 & 2 & 0850CR003721 & 0950CR001020

Total Length of Sentence Imposed: Years:    Months:    Days:    Sentence Start Date:
Amount of Sentence To Be Served: Years:    Months:    Days:    Jail Credit Days To Be Given:

This sentence is to be served consecutively to:
This sentence is to be served concurrently with:

FURTHER
ORDERS OF
THE COURT:

| TESTE OF FIRST JUSTICE<br>WITNESS: Hon. Lee G Johnson | DATE ISSUED<br>8/18/09 | SIGNATURE OF CLERK-MAGISTRATE/ASST. CLERK<br>X |
|---|---|---|

**RETURN OF SERVICE**

The conveying officer hereby certifies that he or she has conveyed the defendant to the institution named above, along with the original of this mittimus. The receiving officer hereby certifies that he or she has received the defendant on behalf of the official in charge of such institution, along with the original of this mittimus.

| DATE & TIME OF ARRIVAL AT INSTITUTION | SIGNATURE OF CONVEYING OFFICER<br>X | SIGNATURE OF RECEIVING OFFICIAL<br>X |
|---|---|---|

Date/Time Printed: 08-18-2009 12:55:48

Version 2.0 - 11/08

EXHIBIT 9

( Pg # 1 -OF-2 )

***Attempt to Make Contact With U.S. Attorney in Concord, New Hampshire, regarding the Juan Garcia Hernandez Case, On 01/06/2011:***

*After having made numerous calls to different Law Enforcement Agencies in Concord New Hampshire, I was finally able to learn that the Asst, U.S. District Attorney that had handled the Prosecution of Juan Garcia Hernandez, was Asst. U.S. District Attorney: Terry Ollila, who works out of the Merrimac County U.S. Attorney's Office in Concord, New Hampshire, Tel.# (603) 225-1552.*

*Upon my calling this number and initially being transferred over to Asst. U.S. D.A. Seth Aframe, I learned that he was handling an appeal case that is upcoming on the Juan Garcia Hernandez Case, and, that it was U.S. Asst. D.A. : Terry Ollila that had handled the original prosecution of Juan Garcia Hernandez.*

*Upon being transferred to her extension, no one answered the telephone, I left a message for her to call me back, and I then attempted to speak with her Secretary, who also was not in, and of whom I left a message for.*

*Not having received a return call from either of them by **01/18/2011**, I called there again, and once again had to leave a message, as no one answered the phone.*
*On 01/19/2011, as I had still not heard back from Attorney: Ollila, I called her office again, and left a message for her to kindly return my call.*

*Not having heard from Attorney Ollila, by 01/25/2011, I called her Office again, on 01/26/2011, and once again, had to leave a message for her on her Voice-Mail, as no one answered the telephone.*

***Interview of United States Attorney: Terry Ollila, Concord, New Hampshire Telephone # (603) 225-1552, On – 01/26/2011:***

*On 01/26/2011, I received a return call from U.S. Attorney: Terry Ollila, out of the Concord New Hampshire Office, who was returning my call.*

*In speaking with Attorney: Ollila, after having explained to her, my reason for wanting to speak with her, she told me the following:*

*Ollila told me that she was the Prosecutor that handled all of Juan Garcia Hernandez' cases, and that she was also the person, who knew everything about all of his cases, as to how he was apprehended, what informants were used, and how and when any information that resulted in the successful apprehension and prosecution of Juan Garcia Hernandez.*

*She went on to tell me that she could absolutely assure me, without any question, whatsoever, that she had never heard of anyone Named-Sean Murphy, that Sean Murphy had never provided any information that in any way assisted her Office, and/or any other*

*(Pg. #2 -OF-2)*

*Law Enforcement Agencies, involved in the Investigation, Apprehension, and Prosecution, of Juan Garcia Hernandez.*

*Attorney: Ollila further informed me that all of the information that led to the arrest of Juan Garcia Hernandez, had been furnished through An Informant, who was not Named- Sean Murphy.*

*As this investigator did not have any other information, that might serve to indicate that Sean Murphy was in fact responsible for furnishing any of the Aforementioned information, other than, A Piece of Paper that Sean Murphy had furnished me with (Containing the Names/Identities of Major Players, and Back-Up Players connected with Drug Operation Associates of Juan Garcia Hernandez, I faxed Attorney: Ollila this information, as having been requested to do so by: my Client: Sean Murphy*

*End of Interview of U.S. Atty. Terry Ollila     Numerous Calls and Subsequent Interview*

EXHIBIT 10

**Attempt to Re-Contact: AND Subsequent Interview of U.S. Attorney: Terry Olilla in Concord, New Hamshire Telephone # (603) 225-1552, On – 02/04/2011: -thru- 02/08/2011:**

On 02/04/2011, as I hand not received a return call from Attorney: Olilla, regarding the Paper-Work that I had faxed to her, I called her office, on 02/04/2011, whereby I received her answering machine, and left her a message, asking that she kindly return my call.

On 02/07/2011, as I had not received a return call from Attorney: Olilla, I called her office again, and had to leave a message, asking that she return my call, as her voice-mail came on.

On 02/08/2011 I received a return telephone call from U.S. Attorney: Olilla, who had called me regarding information that I had sent her.

In my speaking with Attorney: Olilla, she asked me why I had sent this information to her, telling me that it was odd, because it was information she had already ascertained, through independent sources, search warrants, and wire-taps.

I told Attorney: Olilla that I believed that my Client: Sean Murphy had turned this information over to Law Enforcement Authorities, quite some time ago, of which was to support information that LawEnforcement Authorities had ascertained and wanted to confirm as being correct and true.

I also told Attorney: Olilla that my Client: Sean Murphy had apparently furnished this information to Law Enforcement Authorities prior to Law enforcement taking any action against Juan Garcia Hernandez, and during the investigation that Law Enforcement Authorities were conducting on Juan Garcia Hernandez.

In response to this, Attorney: Olilla told me that the information that I had sent to her, was almost word for word, including Telephone numbers, of the information she had gleemed from her Investigation, and she then asked me, if Sean Murphy was part of the Cartel, stating that she felt one would have to be on the inside to get all of this information.

I told Attorney: Olilla that I had no idea how Sean Murphy had come by this type of information, but, that the fact that he had the same information that she had would lead one to believe that this information had more than likely came from Sean Murphy.

Attorney: Olilla then asked me what Law Enforcement Agency Sean Murphy would have given this information to, to turn over to her, to which I told her that I assumed it was the FBI, and that it could have been to FBI Special Agent: Jason Costello.

*(Page #1 -of- 2)*

*In response, Attorney: Olilla told me that all of the information she had gotten was through independent investigation, that she had never heard of FBI Special Agent: Jason Costello, or Sean Murphy, and that if this information had come from Sean Murphy that she would be more than glad to do what ever she could for him, but, that nothing I had told her, gave her any substantial reason to believe that Sean Murphy had been responsible, in any way for having furnished this information to her Office.*

*At this, I thanked Attorney: Olilla for having taken the time to return my call, and our conversation was terminated.*
**End of Interview of U.S. Attorney: Terry Olilla**

Respectfully Submitted;

Richard E. Ferreira _____ (Page # 2 -of- 2)

R E F Investigative Services

President
BRINKS
555 Dividend Drive
Coppell, Texas 75019

*RE:* *Restitution*

Dear Mr. President:

My name is Sean D. Murphy. I was recently convicted in relation to the January 17, 2009, burglary into the BRINKS facility at 1362 Essex Avenue, Columbus, Ohio. I am a security expert. I have invented and developed certain security devices that provide top-of-the-line protection in the burglar alarm field.

Federal law mandates that I pay restitution. The restitution in this case has been determined to be at $1,242,620.14. Reality dictates that I could never repay that amount. However, the law allows for an "in-kind payment" in lieu of official payment.

I am proposing that I be allowed to provide my extensive knowledge and experience in the burglar alarm field, along with my exclusive products, to BRINKS as an in-kind payment of restitution in this matter. I have already provided the Columbus BRINKS with a Security Evaluation Report for their facility (See attached). I am convinced that BRINKS can benefit from my expertise to avoid further Columbus-type intrusions.

Please consider my proposal seriously as it is the only realistic way I can ever possibly repay BRINGS. I look forward to your response and hopefully providing BRINKS with the protective measures that they currently lack.

Very truly yours,

Sean D. Murphy
Delaware County Jail
844 State Route 42 North
Delaware, Ohio 43015

 **BRINKS**

 Brink's U.S.
A Division of Brink's, Incorporated
P.O. Box 619031
Dallas, Texas 75261-9031
Tel: (469) 549-6088
Fax: (469) 549-6211

**Bruce Woerner**
Director of Security, U.S.

A Subsidiary of The Brink's Company

November 8, 2011

Mr. Sean D. Murphy
Delaware County Jail
844 State Route 42 North
Delaware, Ohio  43015

Mr. Murphy,

I would like to meet with you to discuss the information you can provide regarding Brink's.

Can you provide me the visitation schedule at the Delaware County Jail and what particulars the jail requires of inmate visitor?

I look forward to speaking with you.

Bruce Woerner

Director of Security, US