# Exhibit C

| SUMMONS TO PRODUCE RECORDS (Pursuant to Commonwealth vs Dwyer, 448 Mass. 122 (2006)) | DOCKET NO. BRCR2009-00457 | Trial Court of Massachusetts Superior Court Department County of Bristol |
|---|---|---|

Case Name:
**Commonwealth vs. Sean Murphy**

To:  UHAUL Storage
     292 Lynnway
     Lynn, MA 01902

GREETINGS:

YOU ARE HEREBY ORDERED to produce the records described in the attached ORDER of the Court in the case of Commonwealth vs. Murphy, Sean, docket # BRCR2009-00457. The records shall be delivered to the Superior Court Clerk's Office located in the Bristol County Superior Court, 186 South Main Street, Fall River, MA 02721, on or before 02/06/2013 at 2 P.M.

The records to be produced are all records for the time period January 23, 2009-February 8, 2009, relating to the rental and use of the bins indicated within the "Target Zone" as appears on the sketch attached hereto as Appendix C. Such records are to include but not be limited to rental agreements, access logs, video surveillance records and correspondence.

ALL RECORDS SHALL BE PRODUCED IN ACCORDANCE WITH THE ATTACHED "NOTICE ACCOMPANYING COURT-ORDERED SUMMONS" AND DELIVERED TO THE ABOVE ADDRESS TO THE ATTENTION OF Marc J. Santos, Esq., CLERK/MAGISTRATE.

FAILURE TO COMPLY WITH THIS SUMMONS may be deemed a contempt of court.

Dated at Fall River, Massachusetts this 14th day of January, 2013

_____
Assistant Clerk

Summonsed by:
Marc J. Santos, Esq. Clerk/Magistrate
Bristol Superior Court
186 South Main Street

Fall River, MA 02721
(508) 996-2051

 webselfstorage

Help

Rental Detail | Room/Payment History | Notes | Letters

Moved Out Rental Detail

Balance Due: $0.00  Account Type: INDIVIDUAL  Contract No: 837064-00000772

**Customer** - Documents
GEORGE BOGART
H: (781)853-3493

47 MAPLE ST
W: (781)593-8473

View Customer History
LYNN, MA 01904
Email History

Contact / Access Users
JOHN STINSON  66 BROAD ST  (617)593-6387  Alternate Contact

Rooms

| Room | Size | Autopay | Bal Due | Moved In | Moved Out | Invoice Billing | Rate |
|---|---|---|---|---|---|---|---|
| 90 | 8X8X6 | NO | $234.90 | 1/23/2009 | 5/9/2009 | NO | $84.95 |

Last 3 Payments

| | | |
|---|---|---|
| 5/9/2009 | CASH | $0.00 |
| 1/23/2009 | CASH | ($10.10) |
| 1/23/2009 | CASH | $180.00 |

Notes
5/9/2009 09:36:30 AM (FERNANDO PALOMARES)837064 - Room 90 has been moved out.
5/6/2009 11:14:51 AM (VERA MILLER)837008 - left voice mail at home #
5/4/2009 10:51:14 AM (TAMICA HARRIS)837064 - left a message
4/23/2009 06:59:59 PM (TAMICA HARRIS)837064 - left a message
4/13/2009 05:34:59 PM (FERNANDO .....

 Close

U-HAUL CTR LYNNWAY
282 LYNNWAY RTE 1A
LYNN, MA 01901
Phone :(781)593-5455
fernando palomares

**UHAUL SELF STORAGE RENTAL AGREEMENT(Anniversary Due Date)**

**Customer Name :** GEORGE BOGART
**Address :** 47 MAPLE ST
LYNN, MA 01904
**Home Phone :** (781)853-3493
**Work Phone :** (781)593-8473
**Driver's License #:** ST EXP
**E-Mail:**

____ U-Haul acknowledges that your Email address is highly confidential. This highly confidential information will be treated with the utmost respect. We do not provide, supply, sell or otherwise distribute your personal information, including email address, to any third party.

_X_ I, GEORGE BOGART, have no e-mail address and indemnify U-Haul for failure to contact me via e-mail.

**HELP US NEVER LOSE CONTACT WITH YOU IN CASE OF FIRE, FLOOD, BURGLARY OR BREAK-IN**
Emergency Alternate Contact (Must be completed. Designate a person residing at a permanent address other than your own.)

| Alternate Contact Name | Address | Phone # |
|---|---|---|
| JOHN STINSON | 66 BROAD ST LYNN, MA 01902 | (617)593-6387 |

ONLY THE CUSTOMER AND AUTHORIZED ACCESS PERSONS WILL BE ALLOWED TO THE ROOM UNDER THIS AGREEMENT. UHAUL MUST BE NOTIFIED IN WRITING OR VIA THE PREMIER CUSTOMER CLUB OF ANY CHANGES OF AUTHORIZED PERSONS, ADDRESS, TELEPHONE, OR LOST OR STOLEN CARDS.

**Credit Card / RECURRING ACH Payment Plan:** CASH ********
I have authorized U-Haul to automatically debit my bank account or charge my credit card as applicable every month for all charges associated with my storage room. (Cardholder agrees to notify U-Haul of any changes to the banking or credit card information (account number and expiration date)

**X Authorized Signature:** _____

**CAUTION:**
**Failure to pay rent on due date will result in:**
$15 late-fee charged. Denied access to your room. $50 inventory and lien processing fee. Assessment of a lien and sales of stored goods.

**CONTRACT DETAIL:**
Room Size :8X8X6  Monthly Due Date : Mar 23 2009   Total due Monthly :$84.95
Account Summary - Room #:   90

| | | Item | Amount |
|---|---|---|---|
| Monthly Rent | : $84.95 | Rent | $84.95 |
| Date Of Last Payment | : Jan 23 2009 | Discounts | $0.00 |
| Amount Of Last Payment | : $169.90 | Fees | $0.00 |
| Payment Due Date | : Mar 23 2009 | Insurance | $0.00 |
| Rent Paid-Thru Date | : Mar 22 2009 | Services | $0.00 |
| Contract Credit | : ($0.00) | Taxes | $0.00 |
| | | Current Balance | $0.00 |

**X Customer Signature:** _____  **Date:** Jan 23 2009 .

## INSURANCE REQUIREMENT

**Protecting your property in storage is your responsibility**

### Option One (The recommended choice)

I acknowledge that while U-Haul and this facility take certain precautions to provide clean, dry and secure storage rooms, I acknowledge and agree that U-Haul and this facility do not insure my property, nor do they have the responsibility to provide insurance for my property. Furthermore I agree that U-Haul and this facility are not responsible for any damage or loss that may occur to my property while in storage. I understand that it is a requirement of U-Haul and this facility that I maintain insurance covering my goods for as long as they are in storage at this facility. I have elected to meet this requirement in the following manner:

\_\_\_Purchase Low Cost Insurance NOW in the amount of $0.00 Per Month

### Option Two

\_\_\_I have contacted my insurance agent and I have confirmed that I have insurance coverage for my property while in storage at this facility through either my homeowner's policy or renter's policy, and am aware of my policy's deductible. I have attached a copy of my insurance company's declarations page as proof of coverage. U-Haul makes no representations concerning whether a homeowner's or renter's policy covers goods while in storage. I agree that for the duration that my property is in storage at this storage facility, I will maintain my homeowner's or renter's policy in full force and effect. Furthermore, if at anytime my homeowner's or renter's policy is terminated or modified so that my property does not have insurance coverage, I, therefore agree to notify the storage facility and hold harmless for, and release from them, any loss or damage that occurs to my goods while in storage.

**INSURANCE COMPANY NAME:** .

Agent's Name:

Agent's Phone#:

### Option Three

_X_ I request that the insurance requirement to maintain insurance for my goods while in storage be waived. I acknowledge and understand that this waiver of the insurance requirement places me in the position of a self insurer. I acknowledge and understand that this waiver places no burden, responsibility or liability upon the storage facility. I acknowledge and understand that the storage facility does not insure my goods, and has no responsibility to provide insurance. I acknowledge and agree that loss or damage that occurs to my goods while in storage is fully at my expense. Customer bears entire risk of loss or damage resulting from the negligence of UHaul.

### Type of goods stored:boxes

### APPROXIMATE CASH VALUE OF GOODS (Customer's estimate)$1000.00.

I understand that it is a requirement of this storage facility that I maintain insurance covering my goods for as long as they are in storage. I have elected to meet this requirement via the manner indicated above.

XCustomer Signature :_____  Date:Jan 23 2009 .

### ATTENTION

This is a month-to-month lease. The term of this tenancy shall commence on the rental agreement date written, and shall continue thereafter on a monthly basis. Rent is payable in advance of the rental agreement date specified. U-Haul is not a bailee of customer's property. U-Haul does not accept control, custody or responsibility for the care of property. Customer shall notify U-Haul immediately, in writing, of address or telephone changes. Customers must provide their own diskus style lock (only one customer lock per room). U-Haul may, but is not required to, lock the space if it is found open. Rent paid in advance is considered prepaid rent and will be refunded upon vacating. There is no refund for unused days if you vacate after the rent due date of the current month. U-Haul reserves the right to change storage room rates with 30 days prior written notice to customer. It is your responsibility to pay on or before the due date. Free self-addressed payment envelopes may be provided for mailing rental payments. U-Haul has the right to establish or change hours of operation or to proclaim rules and amendments, or additional rules and regulations for the safety, care and cleanliness of the premises or the preservation of good order at the facility. Customer agrees to follow all of the U-Haul rules currently in effect, or that may be put into effect from time to time. Customer's access to the premises may be conditioned in any manner deemed reasonably necessary by U-Haul to maintain order on the premises. Such measures may include, but are not limited to, requiring verification of customer's identity, limiting hours of operation and requiring customer to sign in and sign out upon entering and leaving the premises. Customer Understands all sizes are approximate.

### CAUTION

If rent is not paid on or before the due date, a $15 late charge is due. A $50 inventory and lien processing fee plus all expenses associated with the sale will also be charged when the rent is 45 days late. The customer shall bear all risks of loss or damage to any and all property stored in the rental space, including, but not limited to, loss or damage resulting from the negligence of U-Haul. U-Haul is hereby given a contractual landlord's lien upon all property stored by the customer to secure payment of all monies due under this agreement, including any fees and costs. The lien exists and will be enforceable from the date rent or other charges are due and unpaid. The property shall be deemed to be attached from the first day of this agreement. The property stored in the leased space may be sold to satisfy the lien if customer remains in default for 30 days or more. Written notice will be sent to the customer during the default period. Proceeds from the sale will be distributed first to satisfy all liens. The remainder, if any, will be held for the customer for six months, then the funds will be transferred to the appropriate state authority. This lien and all rights granted are in addition to any lien or rights granted by the statutes of the state. In addition to the rents and charges agreed upon and provided for in this rental agreement, customer shall be liable for all costs, fees and expenses, including attorney's fees, reasonably incurred, incident to default, present or future, for the preservation, storage, inventory, advertisement and sale of the property stored in the rental space, or other disposition, and to enforce the rights provided for under this rental agreement. U-Haul shall be entitled to attorney fees and costs incurred in enforcing its rights under this agreement. Upon default of any obligation under this rental agreement, customer and all authorized individuals shall be denied access to the property contained in the rental space until such time that the default has been remedied and the total balance owed has been paid in full. Customer shall be permitted to have access to the rental space for the purpose of viewing and verifying the contents of the rental space during the default period. A minimum $10 cleaning fee will be assessed if the space is dirty or in need of repair at contract termination. Customer can use dumpster only after paying appropriate Dumpster fee. Customers are never to use dumpsters for disposal of hazardous or toxic materials, or wastes (e.g., paints, chemicals, flammables, etc.), off-site refuse or items such as couches, mattresses, etc.

### WARNING

Customer shall have access to the rental space only for the purpose of storing and removing property stored in that rental space. The rental space shall not be used for residential purposes or operation of a business. Customer agrees not to store any hazardous materials, hazardous substance, hazardous waste, solid waste, toxic chemicals, illegal goods, explosives, highly flammable materials, perishable foods or any other goods which may cause danger or damage to the rental space. Customer agrees not to store any living creature or organism, or any dead animal or other carcass. Customer agrees that personal property and rental space shall not be used for any unlawful purpose. Customer agrees not to store property with a total value in excess of $15,000. Customer agrees not to leave waste, not to alter or affix signs on the rental space and agrees to keep the rental space in good condition during the term of the rental agreement. U-Haul property, such as furniture pads or storage carts, shall not be placed or locked in the rental space. Customer agrees not to store collectibles, heirlooms, jewelry, works of art or any other item of sentimental value. Customer Signature:

_____ Date: Jan 23 2009

### LOW COST INSURANCE PROTECTION TERMS AND CONDITIONS:

Insurance protection is only effective for customers who have elected Insurance protection on the reverse side of this form, and paid the appropriate Insurance fee. Valuation of Loss: Loss is adjusted at actual cash value. There is a $100 deductible for each loss occurrence and property is covered only while within the U-Haul storage room. If a customer rents more than one room, Insurance must be purchased separately for each room the customer wishes to protect. Exclusions: There is no protection for: (1) loss or damage to bills, currency, securities, notes, deeds, furs, antiques, jewelry, artwork, precious metals or stones, vehicles or contraband; (2) loss resulting from theft, except burglary* evidenced by visible signs of forced entry; (3) loss resulting from mysterious disappearance, Intentional or criminal acts; (4) damage resulting from flood, tidal waters, groundwater or any subsurface water including sewers and drains; (5) damage resulting from nuclear explosion or contamination, war or civil insurrection, natural deterioration, vermin, insect infestation, wear and tear or atmospheric change.*Burglary coverage is limited to 50% of the coverage amount unless replacement cost insurance option was selected. Protection Period: Insurance fees must be paid in advance for the same number of months for which you make storage-rent payments. Nonpayment or breach of rental agreement automatically terminates this protection. Protection is underwritten by Republic Western Insurance Company. REPORT CLAIMS TO: Republic Western Insurance Company P.O. Box 21748 Phoenix, AZ 85036-1748. Phone 1-800-528-7134