**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |
|---|---|---|

Filed: November 19, 2014

Peter A. Patterson
University of Cincinnati Appeallate Clinic
2540 Clifton Avenue
Cincinnati, OH 45221

    Re: Case No. 13-3777, *USA v. Sean Murphy*
      Originating Case No. : 2:11-cr-00010-1

Dear Counsel:

 The Court issued the enclosed Opinion today in this case.

           Sincerely yours,

           s/Bryant L. Crutcher
           Case Manager
           Direct Dial No. 513-564-7013

cc: Mr. John P. Hehman
   Mr. Colter Lawrence Paulson
   Ms. Kimberly Langston Rogers Robinson

Enclosure

Mandate to issue

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0869n.06

Case No. 13-3777

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE SOUTHERN** |
| SEAN MURPHY, | ) | **DISTRICT OF OHIO** |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | ) | |

**FILED**
Nov 19, 2014
DEBORAH S. HUNT, Clerk

**Before:** COLE, Chief Circuit Judge, KEITH and BATCHELDER, Circuit Judges

**DAMON J. KEITH, Circuit Judge.**

Sean Murphy was convicted for burglary. The district court sentenced him to 240 months in prison on four counts. Murphy appealed. We vacated two of the counts and remanded for resentencing. At resentencing, the district judge sentenced Murphy to 156 months on the remaining two counts and ordered that he serve this time consecutively with an anticipated state sentence. Murphy again appealed. For the following reasons, we **AFFIRM** the district court's judgment.

Case No. 13-3777
*United States v. Murphy*

## I. BACKGROUND

On January 18, 2009, Murphy and at least three coconspirators broke into a vault at a Brink's warehouse in Columbus, Ohio. They escaped with over two million dollars. Murphy masterminded the heist.

The Government investigated Murphy for involvement in the Brink's heist. Near the end of 2009, Murphy started to cooperate with investigators. Pursuantly, he participated in four proffer sessions with the FBI, providing details regarding his involvement in the Brink's heist during the third. *United States v. Murphy*, 518 F. App'x 396, 399 (6th Cir. 2013).

In January 2010, Murphy and two coconspirators were indicted on the following charges: Count 1 (conspiracy to transport merchandise and money in interstate commerce); Count 2 (aiding and abetting travel in interstate commerce with intent to promote unlawful activity); Count 3 (traveling in interstate commerce with the intent to promote unlawful activity); and Count 4 (transporting merchandise and money in interstate commerce). Murphy represented himself at trial. The jury found Murphy guilty on all Counts. The district court sentenced him to "four consecutive terms of 60 months' imprisonment." *Id.* at 400.

Murphy appealed. Among other things, he argued that the district court erred by denying his motion to dismiss Counts 2 and 3. The United States conceded that Counts 2 and 3 failed to state an offense, so we dismissed them. *Id.* at 400. Then, we vacated Murphy's sentences and remanded the case for resentencing on Counts 1 and 4. *Id.* We based our decision to remand partly on our impression that the district court had "viewed the [original] sentences as interdependent with one another." *Id.* We otherwise affirmed the district court's judgment. *Id.* at 404.

Case No. 13-3777
*United States v. Murphy*

The district court held a resentencing hearing on January 25, 2012. Although the district court noted that the advisory sentencing range under the United States Sentencing Guidelines ("Guidelines") was 262 to 327 months, it acknowledged that it could not sentence Murphy above the statutory maximum sentences for Counts 1 and 4 (180 months total). *See* R. at 2633; 2661.[1] Applying the factors in 18 U.S.C. § 3553(a), the district court sentenced Murphy to 156 months in prison and called this reduction a "departure." R. at 2648–49. The district court also ordered that Murphy, who faces similar charges in Massachusetts, serve this sentence consecutively with any future state sentence. In imposing this sentence, the district court noted Murphy's "very lengthy" criminal history, which includes convictions for burglary, larceny, breaking and entering, receiving stolen property, various drug offenses, armed robbery, and other offenses. R. at 2659–60. The district court gave more reasons to support the imposition of consecutive sentences. These included: (1) protecting the public from further crimes by Murphy; (2) rehabilitating Murphy; and (3) giving Murphy a greater sentence than his codefendants, who had lower criminal history scores and did not mastermind the heist. *See* R. at 2660–61.

The district court entered a final judgment on or about June 26, 2013. R. at 2598. Murphy again appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.  ANALYSIS

### A.  Whether the District Court Erred in Calculating the Guidelines

Murphy argues that the district court improperly calculated the Guidelines. Specifically, Murphy asserts that the district court failed to expressly recognize that the recommended Guidelines sentences for Counts 1 and 4 equaled the statutory maximum sentences for those Counts. Murphy suggests that this alleged error caused the district court to start its downward

---

[1] "R." designates citations to the paginated record of the proceedings below. Thus, "R. at 2633" refers to PageID 2633, "R. at 2661" refers to PageID 2661, and so on.

- 3 -

Case No. 13-3777
*United States v. Murphy*

departure from an unduly high sentencing range. This, in turn, created a reasonable probability that the district court meant to give Murphy a lighter sentence.

Generally, "[w]e review a district court's legal conclusions regarding the Sentencing Guidelines *de novo*." *United States v. Moon*, 513 F.3d 527, 540 (6th Cir. 2008) (citation omitted). But where, as here, a party fails to raise this issue below, our review is for plain error. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008). "A plain error is an error that is clear or obvious, and if it affects substantial rights, it may be noticed by an appellate court." *United States v. Story*, 503 F.3d 436, 438 (6th Cir. 2007) (citation omitted) (internal quotation marks omitted). "Failure to apply the correct Guidelines range generally constitutes plain error." *See United States v. McCloud*, 730 F.3d 600, 603 (6th Cir. 2013) (citations omitted).

District judges should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007) (citing *Rita v. United States*, 551 U.S. 338, 347–48 (2007)). Then, district judges should consider all of the § 3553(a) factors to determine whether they support the sentence that a party requests. *Id.* at 49–50. "After settling on the appropriate sentence, [district judges] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 50 (citing *Rita*, 551 U.S. at 351). Generally, district judges commit significant procedural error where they fail to calculate the Guidelines range, improperly calculate the Guidelines range, or fail to adequately explain the chosen sentence. *Id.* at 51. We apply the 2011 Guidelines when making this assessment because they were in effect at the original sentencing. *Compare Dorsey v. United States*, 132 S. Ct. 2321, 2332 (2012), *with United States v. Taylor*, 648 F.3d 417, 424 (6th Cir. 2011).

Case No. 13-3777
*United States v. Murphy*

In some cases, an offense's recommended sentence is the same as its statutory maximum. Under section 5G1.1(a) of the Guidelines, "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S. Sentencing Guidelines Manual § 5G1.1(a) (2011). The term "guideline sentence" in section 5G1.1(a) is synonymous with "recommended sentence," "advisory sentence," or "Guideline range."[2] Thus, in other words, the statutory maximum sentence becomes the Guidelines range when it is less than the otherwise applicable Guidelines range. This rule applies to sentencing on both single and multiple counts of conviction. *Compare* U.S. Sentencing Guidelines Manual § 5G1.1(a) (2011), *with id.* § 5G1.2(b).[3]

We have considered whether section 5G1.1(a) requires district courts to expressly state that the Guidelines sentence equals the statutory maximum sentence when imposing a sentence. *See United States v. Russell*, 423 F. App'x 562, 563 (6th Cir. 2011). In *Russell*, the district court sentenced the defendant to ten years in prison, which was the statutory maximum for a felon-in-possession conviction. *Id.* at 563. On appeal, the defendant argued that his sentence was procedurally unreasonable because the district court calculated the initial Guidelines range as eleven years and three months. *Id.* In rejecting this argument, we reasoned that section 5G1.1(a) "expressly contemplates that a district court should simultaneously calculate the applicable sentencing range and consider any statutory maximum sentence." *Id.* (citations omitted). We

---

[2] *See* U.S. Sentencing Guidelines Manual § 5G1.1(a) (2011) cmt.; *see also United States v. Erwin*, 765 F.3d 219, 233 (3d Cir. 2014); *United States v. Dorvee*, 616 F.3d 174, 181–82 (2d Cir. 2010); *United States v. Johnston*, 533 F.3d 972, 975 (8th Cir. 2008); *United States v. Rodriguez*, 64 F.3d 638, 642 (11th Cir. 1995) (citing cases); *cf. United States v. Eversole*, 487 F.3d 1024, 1033 (6th Cir. 2007); *United States v. Alvarez Chavez,* 46 F. App'x 502, 503 (9th Cir. 2002); *United States v. Renteria*, 138 F.3d 1328, 1333 (10th Cir. 1998).

[3] *See also United States v. Munar*, 419 F. App'x 600, 602 n.1 (6th Cir. 2011); *United States v. Jones*, 541 F. App'x 150, 153 (3d Cir. 2013) (citation omitted).

- 5 -

Case No. 13-3777
*United States v. Murphy*

further reasoned that the district court "calculated Russell's sentencing range according to the Guidelines and then acknowledged several times that Russell could not be sentenced above the statutory maximum of ten years." *Id.* Thus, we affirmed the judgment of the district court. *Id.* at 563–64.

Likewise, the Second Circuit has considered whether section 5G1.1(a) requires district courts to explicitly state that the Guidelines sentence equals the statutory maximum sentence when imposing a sentence. *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). In *Dorvee*, the district court sentenced the defendant to 233 months in prison for distribution of child pornography, which equaled the statutory maximum of 240 months less seven months for time served. *Id.* at 176. On appeal, the defendant argued that the district court erroneously calculated the Guidelines sentence as 262 to 327 months as opposed to 240 months pursuant to section 5G1.1(a). *Id.* at 180. The court agreed that the district court procedurally erred when sentencing the defendant. *See id.* at 180–82. The *Dorvee* court reasoned that the district court "never correctly stated" whether it had concluded that the Guidelines sentence was 240 months. *Id.* at 181. Furthermore, the court declined to infer that the district court properly calculated the Guidelines sentence from its statement that "the guideline imprisonment range is 262 to 327 months, but the statutory maximum is 240 months." *Id.* In so deciding, the court reasoned that some of the district court's statements showed that it was using 262 to 327 months as a "benchmark for any variance." *Id.* at 181. For instance, the district court stated that the 233-month sentence was "relatively far below the guideline . . . ." *Id.* However, the United States conceded that 233 months was not relatively far below 240 months. *Id.* Accordingly, the court vacated the defendant's sentence and remanded the case for resentencing. *Id.* at 188.

Case No. 13-3777
*United States v. Murphy*

Later cases have construed *Dorvee* somewhat narrowly.[4] In *Valdez*, also a Second Circuit case, the court rejected the argument that the district court misapplied section 5G1.1(a) by referring to the Guidelines sentence as life imprisonment as opposed to the applicable 20-year statutory maximum. 522 F. App'x at 31. In rejecting this argument, the court reasoned that the district court made clear that "it understood the initial Guidelines calculation to be superseded by the lesser statutory maximum pursuant to § 5G1.1(a)." *Id.* In *Guerra*, the Fourth Circuit distinguished *Dorvee*, stating that the court "improperly treated the higher guidelines sentence as though it were the benchmark for any variance." 535 F. App'x at 218 n.1 (internal quotation marks omitted). Similarly, in *Pizzino*, we stated that the *Dorvee* court treated the imposed sentence of 233 months "as a more lenient below-guidelines sentence[] when in fact it was . . . not." 501 F. App'x at 536 n.1. These cases suggest the following: a district court does not err by failing to expressly state that the Guidelines sentence equals the statutory maximum sentence, or by misstating that the Guidelines sentence is higher than the statutory maximum sentence, if it uses the statutory maximum sentence as the benchmark for a downward departure.

Here, the district court did not misapply section 5G1.1(a). Similar to *Russell*, although the district court did not expressly state that the statutory maximum sentences for Counts 1 and 4 determined the Guidelines sentences, it acknowledged that it could not sentence Murphy above the statutory maximum sentences. Likewise, while the pre-sentencing report ("PSR") states that the Guidelines range is 262 to 327 months, section 5G1.1(a) contemplates the calculation of this initial advisory range. Murphy suggests that the district court adopted erroneous language from the PSR misstating the Guidelines sentence as 324 to 405 months. *Compare* R. at 2632, 2661,

---

[4] *See, e.g.*, *United States v. Guerra*, 535 F. App'x 214, 218 n.1 (4th Cir. 2013); *United States v. Valdez*, 522 F. App'x 25, 31 (2d Cir. 2013); *United States vs. Pizzino*, 501 F. App'x 535, 536 n.1 (6th Cir. 2012).

- 7 -

Case No. 13-3777
*United States v. Murphy*

*with* Doc. 8 at 39, 44, 46.[5] But the PSR recommended a sentence that totaled the applicable statutory maximum sentences (i.e., 180 months). *See* Doc. 8 at 44. And the district court later stated during sentencing that the advisory range was 262 to 327 months. Applying the § 3553(a) factors, the district court sentenced Murphy to less than 180 months in prison and called this reduction a "departure." On this record, although the district court could have more clearly indicated that the statutory maximum sentences determined the Guidelines sentence, it did not miscalculate the Guidelines.

*Dorvee* does not dictate a different result. In Murphy's estimation, *Dorvee* proposes that a district court must specify that the Guidelines sentence equals the statutory maximum or adopt an accurate statement of the applicable Guidelines sentence from a PSR. Murphy misreads *Dorvee*. There, the defendant presented compelling evidence that the district court used the initial advisory sentence as the benchmark for the departure. But here, the record indicates that the district court considered 180 months as the benchmark for its departure. For the district court (1) identified the statutory maximum sentences as 180 months, (2) acknowledged that the statutory maximum sentences bound it, and (3) expressly stated that it was departing from 180 months. Also, the imposed sentence of 156 months is much lower than the 262-to-327-month range from which Murphy suggests that the district court erroneously departed. This observation indicates that the district court departed from 180 months, not 262 to 327. A departure from 262 months to 156 months would equal 106 months. This would be 46 months more than the 60-month departure granted at the original sentencing. But Murphy faced statutory maximum sentences totaling 300 months on the four Counts at the original sentencing. *See Murphy*, 518 F. App'x at

---

[5] The citation format "Doc." refers to a particular entry on the appellate docket. For instance, "Doc. 8" refers to the eighth entry on the appellate docket. In turn, "Doc. 8 at 39" refers to page 39 of the eighth entry on the appellate docket.

- 8 -

400. By contrast, he faced statutory maximum sentences totaling 180 months on only two Counts at resentencing. Thus, it is unlikely that the district court would have granted a significantly greater downward departure at resentencing than at the original sentencing.

The unpublished cases from other circuits discussed above support this conclusion. Here, as in the trio of cases construing *Dorvee*, the record clearly indicates that the district judge departed from the 180-month total statutory maximum sentence to 156 months.

For the foregoing reasons, the district court did not miscalculate Murphy's Guidelines sentence. Granted, it is preferable for district judges to specify that the statutory maximum determines the Guidelines sentence when section 5G1.1(a) applies. This helps prevent the judge's sentencing remarks from creating "ambiguity as to whether the judge correctly understood [the applicable guideline sentence]." *See United States v. Corsey*, 723 F.3d 366, 376 (2d Cir. 2013). Nevertheless, the record supports the conclusion that the district court departed from only the statutory maximum sentences. Accordingly, Murphy's first argument lacks merit.

**B. Whether the District Court Retaliated Against Murphy for Prevailing on Appeal**

Murphy asserts a due process challenge, arguing that the district court gave him a harsher sentence on remand to punish him for prevailing on appeal. "We view constitutional challenges to sentences as questions of law subject to a *de novo* standard of review." *United States v. Jackson*, 181 F.3d 740, 743 (6th Cir. 1999) (citation omitted).

Due process prohibits courts from vindictively imposing a more severe sentence at resentencing on defendants who successfully attack convictions on appeal. *See North Carolina v. Pearce*, 395 U.S. 711, 725 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). Generally, a greater sentence at resentencing is "presumptively vindictive." *United States v. Rodgers*, 278 F.3d 599, 603 (6th Cir. 2002) (citing *Pearce*, 395 U.S. at 725–26). To

- 9 -

rebut the presumption of vindictiveness established in *Pearce*, the district court must rely on "'objective information in the record justifying the increased sentence.'" *Jackson*, 181 F.3d at 744 (quoting *United States v. Goodwin*, 457 U.S. 368, 374 (1982)). Such information need amount to only "'an on-the-record, wholly logical, nonvindictive reason for the sentence.'" *Gauntlett v. Kelley*, 849 F.2d 213, 217 (6th Cir. 1988) (quoting *Texas v. McCullough*, 475 U.S. 134, 140 (1986)). Alternatively, if the *Pearce* presumption does not apply to a sentence after remand, the defendant may show actual vindictiveness through the presentation of "direct evidence." *Rodgers*, 278 F.3d at 604 (citations omitted).

In multiple-count cases, we have yet to explicitly decide whether the presumption of vindictiveness arises when the defendant receives more time on the remaining counts than at the original sentencing. There are two basic approaches to deciding whether the presumption of vindictiveness arises in multiple-count cases. Most circuits have endorsed the "aggregate package" or "packaging" approach. *See United States v. Campbell*, 106 F.3d 64, 67–68 (5th Cir. 1997) (citing cases); *see also United States v. Fowler*, 749 F.3d 1010, 1023 (11th Cir. 2014). Under the packaging approach, the presumption of vindictiveness does not arise where the defendant's overall sentence is less than or equal to his original sentence. *See Campbell*, 749 F.3d at 68. This approach recognizes that dismissing counts may upset the district court's sentencing package; mechanistically reducing the sentence based on the number and type of dismissed counts may frustrate the district court's intent to fashion a fitting sentence. *See id.*; *see also United States v. Mancari*, 914 F.2d 1014, 1021–22 (7th Cir. 1990); *United States v. Bay*, 820 F.2d 1511, 1514 (9th Cir. 1987). By contrast, the Second Circuit has embraced the "remainder aggregate" or "count-by-count" approach. *Campbell*, 106 F.3d at 68 (citing *United States v. Markus*, 603 F.2d 409, 413 (2d Cir. 1979)). Under this approach, courts "compare the

Case No. 13-3777
*United States v. Murphy*

defendant's new sentence to his previous sentence *without the vacated count(s)*." *United States v. Weingarten*, 713 F.3d 704, 711 (2d Cir. 2013) (alteration in original) (citation omitted). If the total new sentence is greater than the original sentence less the time corresponding to the vacated count(s), the presumption of vindictiveness arises. *See id.*

Our precedents indicate a preference for the packaging approach. We have held that a district judge did not violate due process by sentencing a defendant to more time on a count than when originally sentencing him on that and another count. *See Pasquarille v. United States*, 130 F.3d 1220, 1222–23 (6th Cir. 1997). In *Pasquarille*, the district court sentenced the defendant to 37 months in prison for cocaine possession and 60 months in prison for carrying a firearm while trafficking drugs. *Id.* at 1221. Later, the district court vacated the conviction for carrying a firearm while trafficking drugs and resentenced the defendant to 57 months. *Id.* In rejecting the argument that the increased sentence for cocaine possession was unlawful, we stated that the counts were "interdependent" parts of the sentencing package. *Id.* at 1222. Thus, the district court had authority to reconsider the entire aggregate sentence to ensure that the defendant received an appropriate sentence on the remaining count. *Id.*; *accord United States v. Callins*, No. 96-6023, 1999 WL 503579, at *2–3 (6th Cir. July 9, 1999). We reached a similar result in *United States v. Moore*, 710 F.2d 270 (1983). In *Moore*, the district judge sentenced the defendant to consecutive sentences of 25 years for kidnapping and 15 years for bank robbery. *Id.* at 270. Although the conviction for bank robbery was reversed, the district court resentenced the defendant to 40 years on the kidnapping conviction. *Id.* We rejected the defendant's argument that the new sentence violated due process. *Id.* at 271. Our reasoning was twofold: (1) the district judge "did give his reasons for increasing the original kidnapping sentence as called for in . . .

- 11 -

Case No. 13-3777
*United States v. Murphy*

*Pearce* . . . ."; and (2) the new sentence did "not exceed the sentences [that] the [d]istrict [j]udge administered . . . in the first instance." *Id.*

A more recent Sixth Circuit case also reflects packaging. *See United States v. Faulkenberry*, 614 F.3d 573 (6th Cir. 2010). In *Faulkenberry*, a jury convicted the defendant of "four counts of securities fraud, and one count each of wire fraud, conspiracy to commit securities fraud and wire fraud, conspiracy to commit money laundering, and money laundering." *Id.* at 580. The district court gave the defendant ten years for the money-laundering convictions and five years for the remaining convictions and ran all the sentences concurrently. As a result, the defendant received ten years in prison. *See id.* at 590. We reversed the convictions for money-laundering. *Id.* Yet, instead of reducing the defendant's sentences to five concurrent years, we vacated them and remanded the case to the district court for resentencing. *Id.* at 591. In so doing, we called the sentences "interdependent" and reasoned that the district court might have chosen to make some of the other sentences consecutive rather than concurrent had it known that the money-laundering convictions were invalid. *Id.* On remand, the district court resentenced the defendant to ten years in prison. *United States v. Faulkenberry*, 461 F. App'x 496, 500 (6th Cir. 2012). In affirming the new sentence, we rejected the defendant's argument that it violated due process. *See id.* at 500–03.

Based on the foregoing authority, we hold as follows: In multiple-count cases, absent extraordinary circumstances, the presumption of vindictiveness does not arise when the district court sentences the defendant to more time on a count than at the original sentencing for that and one or more other counts if (1) the dismissed and remaining counts are interdependent and (2) the new sentence is less than or equal to the original sentence on all the counts. This rule is faithful to both our precedents and the majority approach. Furthermore, it recognizes that

- 12 -

Case No. 13-3777
*United States v. Murphy*

"[s]entencing is a fact-sensitive exercise that requires district court judges to consider a wide array of factors when putting together a sentencing package." *See Campbell*, 106 F.3d at 68 (internal quotation marks omitted).

In view of this rule, we can readily dispose of Murphy's vindictiveness argument. We suggested in our prior opinion that the Counts were interdependent and Murphy has not argued otherwise.[6] The new sentence of 156 months is considerably less than the original sentence of 240 months, which weighs against an inference of vindictiveness. Murphy has shown no extraordinary circumstances suggesting differently and has not tried to show actual vindictiveness. Moreover, the district court reasoned that the 36-month increase on Counts 1 and 4 (120 months to 156 months) would protect the public and avoid sentencing disparities between Murphy and his codefendants. Accordingly, the district court did not violate due process by resentencing Murphy to 156 months' imprisonment.

C. **Whether the District Court Adequately Explained Its Decision to Impose Consecutive Sentences**

Murphy argues that the district court failed to justify its decision to run his federal sentence consecutively with his anticipated state sentence. "Generally, a district court's decision to impose a consecutive or concurrent sentence is reviewed for an abuse of discretion." *United States v. Moore*, 512 F. App'x 590, 592 (6th Cir. 2013) (citing *Setser v. United States*, 132 S. Ct. 1463, 1472–73 (2012)). But where, as here, "defense counsel does not object with a reasonable degree of specificity to a purported procedural error, a plain error standard of review applies." *United States v. Gibbs*, 626 F.3d 344, 349 (6th Cir. 2010).

---

[6] Therefore, we need not expound the meaning of "interdependence." *See generally Faulkenberry*, 461 F. App'x at 501–03.

- 13 -

Case No. 13-3777
*United States v. Murphy*

District courts have discretion to order a defendant to serve his federal sentence consecutively with an anticipated state sentence. *Setser*, 132 S. Ct. at 1473. When imposing consecutive sentences, district courts must "indicate on the record [their] rationale, either expressly or by reference to a discussion of relevant considerations contained elsewhere." *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012). Although *Cochrane* involved consecutive federal sentences, subsequent Sixth Circuit cases indicate that *Cochrane* also applies when district courts run federal sentences consecutively with state sentences.[7]

*Cochrane*'s requirement that district courts indicate their rationale on the record is not excessively exacting. Under *Cochrane*, district courts need only "make generally clear the rationale under which [they have] imposed the consecutive sentence . . . ." *Id.* at 346 (citation omitted) (internal quotation marks omitted). Thus, district courts may incorporate by reference a discussion of the relevant considerations (e.g., the § 3553(a) factors). *See id.* Likewise, district courts may make clear that their reasons for "choosing a substantive sentence and for running two sentences consecutively are the same." *Id.* (citation omitted). However, district courts may not "say nothing at all." *Id.*

In this case, Murphy's *Cochrane* challenge lacks merit. At the resentencing hearing, the district court acknowledged its authority under *Setser* to order consecutive sentences and gave several reasons to support its decision. The district court noted Murphy's "very lengthy" criminal history. In light of Murphy's "extensive criminal history and unrelenting recidivist behavior," the district court concluded that a lengthy prison term was the only way to stop him. The district court further stated that its decision promoted public safety, rehabilitation, and sentencing parity.

---

[7] *See United States v. Anderson*, 564 F. App'x 777, 779–80 (6th Cir. 2014) (per curiam); *United States v. Cunningham*, 564 F. App'x 190, 196 (6th Cir. 2014); *United States v. Barahona-Sales*, 524 F. App'x 235, 237 (6th Cir. 2013); *United States v. Holman*, 516 F. App'x 492, 494–95 (6th Cir. 2013).

Case No. 13-3777
*United States v. Murphy*

Thus, the district court generally made clear its rationale for imposing consecutive sentences, which was "all the court was required to do." *United States v. Brown*, 519 F. App'x 357, 358 (6th Cir. 2013).

Murphy contends that the district court failed to clearly indicate that its reasons for ordering consecutive sentences mirrored its reasons for ordering the 156-month federal sentence. But where, as here, "the court has . . . engaged in a lengthy discussion of the sentencing factors in explaining the sentence itself, it is generally clear that the decision to impose a consecutive sentence is based on the same factors." *United States v. Briggs*, 543 F. App'x 583, 584 (6th Cir. 2013) (citing *Cochrane*, 702 F.3d at 346). Furthermore, although Murphy cites four cases in which we granted *Cochrane* challenges, one can easily distinguish them. In three of these cases, the district courts "provided no rationale whatsoever" for their decision to impose consecutive sentences. *Cochrane*, 702 F.3d at 347.[8] Furthermore, while the fourth case suggests that *Cochrane* requires district courts to more carefully delineate which § 3553(a) factors justify the consecutive sentence, it is inapposite because we reviewed the district court's decision for an abuse of discretion, not plain error. *See United States v. Wells*, 514 F. App'x 628, 631 (6th Cir. 2013). Accordingly, though it may have been "preferable" for the district court to more clearly delineate its rationale for imposing consecutive sentences, "it did not plainly err by failing to do so." *See United States v. Brown*, 519 F. App'x 357, 358 (6th Cir. 2013). For these reasons, Murphy's *Cochrane* challenge lacks merit.

---

[8] *See also Barahona-Sales*, 524 F. App'x at 240; *United States v. Watkins*, 515 F. App'x 556, 560 (6th Cir. 2013).

- 15 -

Case No. 13-3777
*United States v. Murphy*

**D.     Whether the United States Violated Due Process by Failing to File a Substantial Assistance Motion**

Murphy argues that the United States retaliated against him by refusing to file a substantial-assistance motion under Federal Rule of Criminal Procedure 35(b) because he exercised his right to trial by jury. To justify its refusal to file a substantial-assistance motion, the United States contends that Murphy (1) lied during trial and (2) failed to provide substantial assistance.

District courts may review a prosecutor's refusal to file a substantial-assistance motion and grant a remedy if they find that the prosecutor based the decision on an unconstitutional motive. *Wade v. United States*, 504 U.S. 181, 185–86 (1992). One such motive is to punish a defendant for "exercising his Sixth Amendment right to jury trial." *United States v. Murphy*, 65 F.3d 758, 762 (9th Cir. 1995) (citing cases). To obtain discovery or an evidentiary hearing on a claim that the government unconstitutionally failed to file a substantial-assistance motion, the defendant must make a "substantial threshold showing." *See Wade*, 504 U.S. at 186 (internal quotation marks omitted). To determine whether the defendant has made such a showing, appellate courts typically assess the record below for "objective evidence." *Compare id.* at 187, *with Murphy*, 65 F.3d at 763 (citing *Goodwin*, 457 U.S. at 384).

In this case, Murphy has failed to make a substantial threshold showing that the United States had an unconstitutional motive. The United States stated at resentencing that, although Murphy had disclosed the "exact manner in which he carried out [the] Brinks burglary," "he attempted to [defraud] the Court by suggesting to the jury that he was not involved at all . . . ." R. at 2639. Murphy has not challenged the United States' contention that he knowingly contradicted his prior incriminating statements during the trial. Moreover, the United States has consistently argued that Murphy did no more than "attempt" to provide substantial assistance. *See, e.g.,* R.

Case No. 13-3777
*United States v. Murphy*

2454, 2464–66, 2575. Although Murphy may disagree that his assistance was insubstantial, his mere disagreement does not suggest mendacity by the United States. *Cf. Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280–81 (4th Cir. 2000) (citation omitted) (holding that the perception of the decision-maker, not the self-assessment of the plaintiff, is relevant to determine whether discrimination motivates an adverse employment action). Thus, while federal prosecutors should exercise caution in declining to file substantial-assistance motions in connection with a defendant's decision to go to trial, Murphy has not made a substantial threshold showing of an unconstitutional motive on the United States' part.[9]

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.

---

[9] We have carefully reviewed Murphy's other arguments regarding whether the United States refused to file a substantial-assistance motion because he went to trial and find them meritless.