**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 16-3680

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

>  FILED
>  Oct 24, 2017
>  DEBORAH S. HUNT, Clerk

| | |
|---|---|
| SEAN D. MURPHY, ) | |
| ) | |
| Petitioner-Appellant, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE SOUTHERN DISTRICT OF |
| UNITED STATES OF AMERICA, ) | OHIO |
| ) | |
| Respondent-Appellee. ) | |

O R D E R

Before: ROGERS, GRIFFIN, and KETHLEDGE, Circuit Judges.

Sean D. Murphy, a pro se federal prisoner, appeals the district court's denial of his motion for a new trial filed under Federal Rule of Criminal Procedure 33. Murphy also moves for the appointment of counsel and for a certificate of appealability. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Murphy planned and participated in a two-million-dollar burglary of a vault at a Brink's warehouse in Columbus, Ohio. A jury convicted him of conspiracy to transport merchandise and money in interstate commerce, aiding and abetting traveling in interstate commerce with the intent to promote an unlawful activity, traveling in interstate commerce with the intent to promote an unlawful activity, and transporting merchandise and money in interstate commerce. The district court sentenced him to four consecutive terms of sixty months of imprisonment. On appeal, Murphy argued that the counts for traveling in interstate commerce with intent to promote unlawful activity failed to state an offense. We agreed, dismissed those counts and

vacated his sentences, and remanded the case for resentencing on the remaining convictions, while otherwise affirming the district court's judgment. *United States v. Murphy*, 518 F. App'x 396, 397 (6th Cir. 2013). The district court resentenced Murphy to a total of 156 months of imprisonment, to run consecutively to any future state sentence. We affirmed that judgment on appeal. *United States v. Murphy*, 591 F. App'x 377, 378 (6th Cir. 2014).

While Murphy's second appeal was pending, he filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and a motion for a new trial under Federal Rule of Criminal Procedure 33. Both motions concerned Murphy's claim that one of his coconspirators, Robert Doucette, gave perjured testimony against him. A magistrate judge recommended that both motions be denied. *Murphy v. United States*, No. 2:14-CV-1706, 2016 WL 2735934 (S.D. Ohio May 11, 2016). The district court adopted that recommendation over Murphy's objections, denied his § 2255 motion, and denied his Rule 33 motion for a new trial. *Murphy v. United States*, No. 2:14-CV-1706, 2016 WL 3156933 (S.D. Ohio June 7, 2016).

Murphy filed a timely notice of appeal of the district court's order. But the notice sought to appeal only the district court's denial of his new-trial motion, making no mention of Murphy's § 2255 motion or the district court's denial of it. Therefore, only the district court's denial of Murphy's Rule 33 motion for a new trial is before us. *See* Fed. R. App. P. 3(c)(1)(B); *see also Burley v. Gagacki*, 834 F.3d 606, 620 (6th Cir. 2016) (holding that "if an appellant 'chooses to designate specific determinations in his notice of appeal—rather than simply appealing from the entire judgment—only the specified issues may be raised on appeal'" (quoting *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985)).

In his new-trial motion and related filings, Murphy asserted that Doucette lied when he testified that the coconspirators committed the burglary, then unloaded some of the stolen goods at a storage facility in Pennsylvania, and then drove with the stolen paper money to their homes in Massachusetts. Murphy asserted that they unloaded the stolen goods at a storage facility in Ohio and then stayed the night at a hotel just over the border in western Pennsylvania. He referred to hotel and storage facility records that he maintained substantiated that claim. The

thrust of Murphy's argument was that he did not take the stolen goods across state lines and, thus, that he could not be guilty of conspiracy to transport merchandise and money in interstate commerce or transporting merchandise and money in interstate commerce, which were the only two convictions that remained viable after his other counts were dismissed on appeal. He also argued that his stand-by attorney was ineffective in connection with this issue.

The magistrate judge opined that the alleged evidence was not newly discovered and, in any case, that it did not show that Doucette committed perjury, much less that the prosecution knew of it, or that Murphy was actually innocent of the charges, particularly in light of the substantial evidence of his guilt. The magistrate judge also noted that Murphy chose to represent himself at trial, which undermined his ineffective-assistance claim. The district court adopted the magistrate judge's recommendation and reasoning.

In his appellate brief, Murphy reiterates his arguments that Doucette gave perjured testimony about returning to Massachusetts immediately after the burglary and that the prosecution knew that the testimony was false. He also argues that his stand-by attorney was ineffective for directing an investigator to stop investigating the case several weeks before trial. Lastly, he claims that the cumulative effect of these errors merit relief.

We review a district court's denial of a Rule 33 motion for new trial under an abuse-of-discretion standard. *United States v. Arny*, 831 F.3d 725, 730 (6th Cir. 2016). A district court abuses its discretion "when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007).

Rule 33 states that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). To prevail, a defendant must show that: "(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal." *United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009) (quoting *United States v. Seago*, 930 F.2d

482, 488 (6th Cir. 1991)). "Motions for a new trial based upon newly discovered evidence are disfavored and should be granted with caution." *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000).

The district court did not abuse its discretion in denying Murphy's motion because Murphy meets none of the requirements for success under Rule 33. First, the evidence was not discovered after trial because Murphy knew of the evidence himself during trial; he knew the hotel where he spent the night and what storage facility he used. *See United States v. Pierce*, 62 F.3d 818, 825 (6th Cir. 1995) ("Evidence is not newly discovered when it is necessarily known by the defendant at the time of trial."). Murphy acknowledges as much, claiming that he was surprised by Doucette's testimony and was unable to track down the hotel evidence while he was in custody and representing himself. This leads to his failure to meet the second requirement: the evidence could have been discovered earlier with due diligence. Murphy again argues that he was in custody and too busy with his own representation to unearth the evidence, but he did not, for example, ask the district court for additional time or resources to do so. His attempts to blame his prior counsel and the investigator for failing to uncover the evidence do not excuse his own lack of diligence. Third, the evidence is at best impeaching. While Murphy believes that hotel and storage facility records prove that he did not commit the offenses, the records, along with the affidavits and declarations, could merely challenge Doucette's testimony to the contrary, which the jury heard and, evidently, credited. And fourth, "[g]iven the substantial evidence presented against Murphy," *Murphy*, 518 F. App'x at 402, it is not at all likely that this evidence would have led to his acquittal.

Furthermore, Murphy's allegation that the prosecution knew that Doucette had testified falsely is unfounded. He asserts that the government purposefully avoided seeking documentary evidence of the conspirators' hotel stay so that it could rely on Doucette's testimony, and that when the prosecutors heard Doucette's testimony at trial, one "got extremely mad and jotted down something on a piece of paper, ripped the paper off and handed it to" the other. This is

No. 16-3680
- 5 -

mere speculation. It does not show that the government knew that Doucette was testifying falsely, which Murphy also has not established.

Lastly, because he has not shown any individual error, Murphy has failed to show cumulative error.

Accordingly, we **AFFIRM** the district court's order denying Murphy's Rule 33 motion for a new trial, **DENY** Murphy's motion for counsel, and **DENY** as unnecessary his application for a certificate of appealability.

                              ENTERED BY ORDER OF THE COURT

                              Deborah S. Hunt, Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: October 24, 2017

Mr. Sean D. Murphy
Bristol County Jail
400 Faunce Corner Road
Dartmouth, MA 02747

Ms. Kimberly Robinson
Office of the U.S. Attorney
303 Marconi Boulevard
Suite 200
Columbus, OH 43215

> Re: Case No. 16-3680, *Sean Murphy v. USA*
> Originating Case No. : 2:12-cv-01706 : 2:11-cr-00010-1

Dear Sir or Madam,

   The Court issued the enclosed Order today in this case.

>                               Sincerely yours,
>
>                               s/Jill Colyer
>                               Case Manager
>                               Direct Dial No. 513-564-7024

cc: Mr. Richard W. Nagel

Enclosure

Mandate to issue